**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED JUNE 4, 2008

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v                                  No. 131994

TRUMON DONTAE CANNON,

      Defendant-Appellant.

BEFORE THE ENTIRE BENCH

KELLY, J.

At issue in this case is whether the trial court properly assessed 15 points for predatory conduct under offense variable ten (OV 10) when it calculated defendant's sentencing guidelines range.[1] We conclude that both lower courts failed to apply the correct test in scoring OV 10. Therefore, we remand the case to the trial court to reconsider whether to assess 15 points for predatory conduct under OV 10 and to resentence defendant if it assesses no points.

---

[1] MCL 777.40.

FACTS AND PROCEDURAL HISTORY

Defendant entered a Burger King restaurant in the city of Saginaw. His codefendants, Maurice Mayes and Larry Hibler, immediately followed him inside. At the time, there were four employees on duty and no customers in the restaurant. Mayes and Hibler went into the bathroom while defendant approached the counter. Defendant, appearing nervous, stood near the counter, but did not place an order. Mayes and Hibler then emerged from the bathroom with bandannas covering their faces. They jumped over the counter and attempted to gather the restaurant employees into one place. Hibler displayed a gun.

Defendant did not appear surprised by their actions. He moved closer to the front of the restaurant, pulled a hood over his head, and began pacing back and forth, looking out the windows. While Mayes and Hibler ordered the restaurant manager to open the safe and the cash registers and removed the cash, one employee escaped into the freezer and called the police. Defendant, Mayes, and Hibler fled as the police approached. All three were apprehended shortly afterwards. In the parking lot of a nearby business, the police found a stolen pickup truck with an open door and three coats in the back.

Defendant was convicted of conspiracy to commit armed robbery.[2] When the guidelines range was being calculated at sentencing, the prosecutor asserted that 15 points should be assessed under OV 10 for engaging in predatory conduct.

2

The prosecutor argued that the predatory conduct consisted of waiting in a truck at a neighboring business until no customers remained in the restaurant, then committing the robbery. According to the prosecutor, the three men had targeted the restaurant and planned their actions to victimize the restaurant employees. Defense counsel objected, arguing that these actions did not constitute predatory conduct under the statute. The trial court agreed to assess points for predatory conduct. It reasoned that defendant's conduct was predatory because defendant could have signaled Mayes and Hibler to stop the robbery.

On appeal, the Court of Appeals affirmed that decision:

> The evidence suggests that defendant and his coconspirators selected a time, place, and manner in which to commit this robbery to maximize the vulnerability of the victims and minimize their chances of getting caught. The trial court heard evidence that the offenders planned the crime in advance, parked their car alongside the restaurant in a separate parking lot where they would not be seen, selected defendant to act as the lookout, and waited until the restaurant was devoid of customers so that the employees were alone, in order to facilitate the commission of the offense. Accordingly, defendant's acts satisfied the criteria for predatory conduct within the meaning of the statute. Defendant thus fails to show that the trial court commit [sic] clear error in scoring fifteen points against defendant on OV 10. [*People v Cannon*, unpublished opinion per curiam of the Court of Appeals, issued July 25, 2006 (Docket No. 259532), p 5.]

---

(…continued)
[2] MCL 750.157a; MCL 750.529.

We granted leave to appeal to consider the scope of predatory conduct as defined in OV 10 and whether the trial court properly assessed 15 points for predatory conduct in this case.

EXPLOITATION OF A VULNERABLE VICTIM IS A PREREQUISITE TO THE

ASSESSMENT OF POINTS UNDER OV 10

The proper interpretation and application of the legislative sentencing guidelines are questions of law, which this Court reviews de novo.[3]  Our analysis begins with the language of MCL 777.40:

> (1) Offense variable 10 is exploitation of a vulnerable victim. Score offense variable 10 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) Predatory conduct was involved........................... 15 points
>
> (b) The offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status..................... 10 points
>
> (c) The offender exploited a victim by his or her difference in size or strength, or both, or exploited a victim who was intoxicated, under the influence of drugs, asleep, or unconscious............. 5 points
>
> (d) The offender did not exploit a victim's vulnerability........................................................................ 0 points
>
> (2) The mere existence of 1 or more factors described in subsection (1) does not automatically equate with victim vulnerability.
>
> (3) As used in this section:

---

[3] *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004).

(a) "Predatory conduct" means preoffense conduct directed at a victim for the primary purpose of victimization.

(b) "Exploit" means to manipulate a victim for selfish or unethical purposes.

(c) "Vulnerability" means the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation.

(d) "Abuse of authority status" means a victim was exploited out of fear or deference to an authority figure, including, but not limited to, a parent, physician, or teacher.

Reading this statute as a whole,[4] we conclude that the central subject is the assessment of points for the exploitation of vulnerable victims. The statute applies when exploitive conduct, including predatory conduct, is at issue. The statute does not use the word "vulnerable" in the subsections directing the assessment of points for particular circumstances. Nor does the subsection specifically directing the assessment of 15 points for predatory conduct refer to exploitation.

However, the Legislature's focus is clearly stated by subsection 1, which provides that "[o]ffense variable 10 is exploitation of a vulnerable victim."[5] The intent to assess points for the exploitation of vulnerable victims is also demonstrated by the fact that the statute assigns zero points when the "offender did not exploit a victim's vulnerability."[6]

---

[4] To ascertain legislative intent, we read the statutory provisions to produce a harmonious whole. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 209; 501 NW2d 76 (1993).

[5] MCL 777.40(1).

[6] MCL 777.40(1)(d).

Subsection 3(c) defines victim "vulnerability,"[7] and subsection 2 clarifies that the "mere existence of 1 or more factors described in subsection (1) does not automatically equate with victim vulnerability."[8] These subsections would be meaningless if vulnerability of the victim were not necessary for the assessment of points under OV 10. "Whenever possible, every word of a statute should be given meaning. And no word should be treated as surplusage or made nugatory."[9]

Thus, we conclude that points should be assessed under OV 10 only when it is readily apparent that a victim was "vulnerable," i.e., was susceptible to injury, physical restraint, persuasion, or temptation.[10] Factors to be considered[11] in deciding whether a victim was vulnerable include (1) the victim's physical disability, (2) the victim's mental disability, (3) the victim's youth or agedness, (4) the existence of a domestic relationship, (5) whether the offender abused his or her authority status, (6) whether the offender exploited a victim by his or her difference in size or strength or both, (7) whether the victim was intoxicated or under the influence of drugs, or (8) whether the victim was asleep or

---

[7] MCL 777.40(3)(c).

[8] MCL 777.40(2).

[9] *Apsey v Mem Hosp*, 477 Mich 120, 127; 730 NW2d 695 (2007).

[10] MCL 777.40(3)(c).

[11] The absence of one of these factors does not preclude a finding of victim vulnerability when determining whether it is appropriate to assess 15 points for predatory conduct. Rather, the evidence must show merely that it was readily apparent that the victim was susceptible to injury, physical restraint, persuasion, or temptation. MCL 777.40(3)(c).

unconscious.[12]  The mere existence of one of these factors does not automatically render the victim vulnerable.[13]

The same statutory language that led us to conclude that the victim's vulnerability is a requirement under the statute also leads us to conclude that exploitation is required.  Points are assessed under OV 10 for "exploitation of a vulnerable victim."[14]  If the Legislature had not intended that exploitation be shown for the assessment of points under OV 10, it would not have expressly stated that zero points are to be assessed when the "offender did not exploit a victim's vulnerability."[15]

The subsections of the statute directing the assessment of 5 and 10 points explicitly require the sentencing judge to determine if the offender "exploited a victim."[16]  The subsection directing the assessment of points for "predatory conduct," however, does not explicitly require the sentencing judge to determine if the offender exploited a victim.[17]  Rather, the sentencing judge must determine if there was "preoffense conduct directed at a victim for the primary purpose of

---

[12] MCL 777.40(1)(b) and (c).

[13] MCL 777.40(2).

[14] MCL 777.40(1).

[15] MCL 777.40(1)(d).

[16] MCL 777.40(1)(b) and (c).

[17] MCL 777.40(1)(a).

7

victimization."[18]   Nonetheless, preoffense conduct directed at a victim for the primary purpose of victimization inherently involves some level of exploitation. Thus, we conclude that points may be assessed under OV 10 for exploitation of a vulnerable victim when the defendant has engaged in conduct that is considered predatory under the statute.

PREDATORY CONDUCT DEFINED

In determining whether to assess 15 points for "predatory conduct," the sentencing judge must first determine whether there was "preoffense conduct."[19] The use of prefix "pre" in the term "preoffense" indicates that, to be considered predatory, the conduct must have occurred before the commission of the offense.

In addition, the conduct must have been "directed at a victim" before the offense was committed.[20]  A lion that waits near a watering hole hoping that a herd of antelope will come to drink is not engaging in conduct directed at a victim. However, a lion that sees antelope, determines which is the weakest, and stalks it until the opportunity arises to attack it engages in conduct directed at a victim. Contrast that with an individual who intends to shoplift and watches and waits for the opportunity to commit the act when no one is looking.  The individual has not directed any action at a victim.

---

[18] MCL 777.40(3)(a).

[19] *Id.*

[20] *Id.*

The Court of Appeals decision in *People v Kimble*[21] is instructive on this point. There, the defendant and his accomplices were looking for a vehicle to steal so they could remove and sell the wheel rims. To that end, they drove for an hour searching for a vehicle with valuable wheel rims.[22] Once they spotted one, they followed the driver, watched as she entered her driveway at home, then shot her and stole her vehicle.[23] Once the defendant in *Kimble* targeted the vehicle's owner, his act of following her and waiting for the opportunity to strike was conduct directed at a victim.

In addition, preoffense conduct must have been directed at a victim "for the primary purpose of victimization."[24] "Victimize" is defined as "to make a victim of."[25] Thus, the statute mandates that preoffense conduct not be considered predatory if its main purpose is other than making the potential victim an actual victim. "Victim" is defined as "1. a person who suffers from a destructive or injurious action or agency . . . . 2. a person who is deceived or cheated . . . ."[26] "Predatory conduct" under the statute is behavior that precedes the offense,

---

[21] *People v Kimble,* 252 Mich App 269; 651 NW2d 798 (2002), aff'd on other grounds 470 Mich 305 (2004).

[22] *Id*. at 274.

[23] *Id*. at 274-275.

[24] MCL 777.40(3)(a).

[25] *Random House Webster's College Dictionary* (2001).

[26] *Id.*

directed at a person for the primary purpose of causing that person to suffer from an injurious action or to be deceived.

We find the Court of Appeals opinion in *People v Apgar*[27] particularly helpful in illustrating this point. In *Apgar*, the defendant and his accomplices invited the victim to accompany them to a store.[28] They drove around for more than two hours while forcing the victim to smoke marijuana.[29] They then took her to an unfamiliar house, where the defendant sexually assaulted her.[30] Clearly, the preoffense conduct of driving the victim around while forcing her to smoke marijuana was undertaken to make the victim an easier target for the sexual assault. Thus, it was done for the primary purpose of victimization.

To aid lower courts in determining whether 15 points are properly assessed under OV 10, we set forth the following analytical questions:

(1) Did the offender engage in conduct before the commission of the offense?

(2) Was this conduct directed at one or more specific victims who suffered from a readily apparent susceptibility to injury, physical restraint, persuasion, or temptation?

---

[27] *People v Apgar,* 264 Mich App 321; 690 NW2d 312 (2004).

[28] *Id*. at 323.

[29] *Id*. at 323-324.

[30] *Id*. at 324.

(3) Was victimization the offender's primary purpose for engaging in the preoffense conduct?

If the court can answer all these questions affirmatively, then it may properly assess 15 points for OV 10 because the offender engaged in predatory conduct under MCL 777.40.

In this case, neither the trial court nor the Court of Appeals properly analyzed whether defendant engaged in preoffense conduct directed at a vulnerable victim for the primary purpose of victimization.[31]

## CONCLUSION

In drafting OV 10, the Legislature did not intend that 15 points be assessed for preoffense conduct involving nothing more than run-of-the-mill planning to effect a crime or subsequent escape without detection. Rather, the focus of OV 10, including the assessment of points for predatory conduct, is on the exploitation of vulnerable victims.

---

[31] The trial court did not properly assess whether the Burger King workers in this case were "vulnerable victim[s]" for purposes of MCL 777.40. Contrary to the partial dissent, we conclude that it would be prudent for the trial court to reexamine this issue with the guidance provided by this opinion. We are not prepared to say that every case involving the armed robbery of fast-food restaurant workers involves or does not involve vulnerable victims. On remand, the trial court will have the opportunity to consider the factors of MCL 777.40(1)(b) and (c) and to determine whether the workers in this case can properly be characterized as vulnerable victims or "susceptible to injury, physical restraint, persuasion, or temptation."

Because the lower courts failed to properly apply OV 10 to the facts of this case, we vacate that portion of the Court of Appeals judgment concerning the scoring of that offense variable. We remand this case to the trial court to reconsider whether defendant engaged in predatory conduct as defined in OV 10 and for resentencing if he did not.

Marilyn Kelly
Clifford W. Taylor
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

# STATE OF MICHIGAN

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v                                        No. 131994

TRUMON DONTAE CANNON,

       Defendant-Appellant.

_____

CAVANAGH, J. (*concurring in part and dissenting in part*).

I agree that points should only be assessed for offense variable 10 (OV 10), MCL 777.40, when the offender has exploited a vulnerable victim. However, unlike the majority, I would apply this rule to the facts of this case. "[T]he proper interpretation and *application* of the legislative sentencing guidelines . . . are legal questions that this Court reviews de novo." *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004) (emphasis added). Now that we have clarified the proper interpretation of OV 10, I would review the record in this case to determine whether there was evidence that defendant exploited a vulnerable victim. Our determination of this issue is not only authorized, but prudent. We have the same record evidence before us that the trial court will have on remand; moreover, our application of the proper interpretation would serve as useful guidance for the bench and bar.

If this Court were to determine that defendant did not exploit a vulnerable victim, it would be unnecessary to reach the matter of how to assess points for predatory conduct. Thus, I join the majority's opinion, except for the parts entitled "Predatory Conduct Defined" and "Conclusion."

Michael F. Cavanagh