# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 20, 2009

139448

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

ACIE MAHON,
        Defendant-Appellee.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 139448
COA: 283086
Macomb CC: 2006-004728-FC

On order of the Court, the application for leave to appeal the June 16, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J. (*concurring*).

I believe that the Court of Appeals erred in holding that the trial court should have scored offense variable (OV) 10, MCL 777.40, at zero points because there was no evidence that the victim was vulnerable. I concur in the Court's denial order because this issue is moot given defendant's agreement, on remand to the trial court, to a new *Cobbs*[1] agreement that included the previously imposed sentences.

A defendant may be scored 15 points for OV 10 if he engaged in "predatory conduct." MCL 777.40(1)(a). MCL 777.40(3)(a) defines "predatory conduct" as "preoffense conduct directed at a victim for the primary purpose of victimization." In *People v Cannon*, 481 Mich 152 (2008), this Court discussed what behavior constitutes "predatory conduct." This Court instructed courts to ask the following three questions in deciding whether 15 points are properly assessed under OV 10:

    (1) Did the offender engage in conduct before the commission of the offense?

---

[1] *People v Cobbs*, 443 Mich 276 (1993).

(2) Was this conduct directed at one or more specific victims who suffered from a readily apparent susceptibility to injury, physical restraint, persuasion, or temptation?

(3) Was victimization the offender's primary purpose for engaging in the preoffense conduct?

If the court can answer all these questions affirmatively, then it may properly assess 15 points for OV 10 because the offender engaged in predatory conduct under MCL 777.40. [*Cannon, supra* at 162.]

On remand from this Court for reconsideration in light of *Cannon, supra*, the Court of Appeals determined that OV 10 was improperly scored at 15 points because there was "no evidence from which to conclude that the [victim] was vulnerable, i.e., suffered from a readily apparent susceptibility that defendant took advantage of in order to commit the offense." *People v Mahon*, unpublished opinion per curiam of the Court of Appeals, issued June 16, 2009 (Docket No. 283086), p 2. I disagree.

An employee of TJ's Lounge asked defendant to leave the establishment around 11:00 p.m. because he was drunk. Defendant told the employee that he was "going to come back and get revenge" on her. At 2:30 a.m., the employee and two of her coworkers walked out of TJ's at the end of their shift. Defendant was waiting outside the front door with a loaded rifle. He ordered them back inside the bar at gunpoint. Defendant stated, "I told you I would be back for revenge." Under the circumstances, the victims were vulnerable. Defendant accosted them when they were leaving the bar at 2:30 a.m. when it was dark and most people were likely gone because the bar was closed. Rather than confronting the victims in the bar, defendant waited until they were outside when they were isolated and susceptible to injury. Given these circumstances, the Court of Appeals erred in concluding that OV 10 should have been scored at zero points.

Nevertheless, I concur in the Court's order because the Court of Appeals' error is moot given defendant's agreement to the re-imposition of the original sentences.

YOUNG and MARKMAN, JJ., join the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 20, 2009

*Corbin R. Davis*

Clerk