# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 15, 2011

140744

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

TERRY LEE BRANDT,
        Defendant-Appellee.

SC: 140744
COA: 288466
Jackson CC: 08-004046-FH

_____/

On January 20, 2011, the Court heard oral argument on the application for leave to appeal the January 28, 2010 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARILYN KELLY, J. (*concurring*).

I concur in this Court's order denying the prosecutor's application for leave to appeal. I believe that the Court of Appeals correctly determined that offense variable ten (OV 10)[1] should not be scored under the circumstances of this case. I write separately to address the broader jurisprudentially significant question of whether an institution ever may be a "vulnerable victim" under OV 10.

Offense variable 10 concerns exploitation of a vulnerable victim. In *People v Cannon*,[2] this Court held that, for points to be assessed under OV 10, the defendant must have exploited the victim's vulnerability. "Vulnerability" is defined in MCL 777.40(3)(c) as "the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." The statute instructs us as follows:

---

[1] MCL 777.40.

[2] *People v Cannon*, 481 Mich 152, 158 (2008).

Factors to be considered in deciding whether a victim was vulnerable include (1) the victim's physical disability, (2) the victim's mental disability, (3) the victim's youth or agedness, (4) the existence of a domestic relationship, (5) whether the offender abused his or her authority status, (6) whether the offender exploited a victim by his or her difference in size or strength or both, (7) whether the victim was intoxicated or under the influence of drugs, or (8) whether the victim was asleep or unconscious.[3]

Abuse of authority is the only one of these factors that could feasibly apply to an institutional victim. However, I conclude that the Legislature never intended even it to apply to an institution. Under section (3)(d) of the act, "[a]buse of authority status" means "a victim was exploited out of fear or deference to an authority figure including but not limited to a parent, physician, or teacher." Given the words used, it is apparent to me that this definition contemplates a living human victim only. An institutional victim cannot conform to this definition. Because it cannot be afraid or show deference, it cannot be "exploited out of fear or deference."

In short, the language about a vulnerable victim in OV 10 can never properly be applied to an institutional victim. Therefore, I believe the Court should clarify that an institution may not be considered a vulnerable victim for purposes of assessing points under OV 10.

---

[3] *Id.* at 158-9, citing MCL 777.40(1)(b) and (c).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 15, 2011

*Corbin R. Davis*

Clerk

y0412