# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 9, 2011

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

143233

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

PECOLA MICHELLE JAMISON,
      Defendant-Appellee.

SC: 143233
COA: 297154
Oakland CC: 2009-227741-FH

_____/

On order of the Court, the application for leave to appeal the April 26, 2011 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

YOUNG, C.J. (*dissenting*).

I respectfully dissent from the Court's order denying the application for leave to appeal. I would peremptorily reverse the Court of Appeals decision on the sentencing guideline issue. The Court of Appeals correctly interpreted and applied the phrase "domestic relationship" in MCL 777.40(1)(b). Since the defendant did not exploit a "domestic relationship" under MCL 777.40(1)(b), the circuit court should not have scored OV 10 at 10 points. However, it appears defendant engaged in "predatory conduct" under MCL 777.40(1)(a). By following the victim, directing him to pull over, and then attacking the victim when he parked on a side street, the defendant engaged in stalking behavior, which is precisely the type of "genuinely predatory conduct" that justifies scoring OV 10 at 15 points.[1] Moreover, this predatory conduct was directed at a victim who suffered from a readily apparent susceptibility to persuasion and temptation. The victim testified that he had previously dated the defendant, that they had enjoyed sexual encounters after the break up, and that he was hoping for another sexual

---

[1] See *People v Huston*, 489 Mich 451, 462 n 7 (2011).

rendezvous when the defendant directed him to pull over immediately before the offense. Finally, the defendant's preoffense conduct appears to have been for the purpose of victimization, as the defendant attacked the victim as soon as he complied with her demands to pull over. Thus, under *People v Huston* and *People v Cannon*,[2] there are grounds to score OV 10 at 15 points when the defendant is resentenced. Since there is an alternative basis to sustain the defendant's original sentence, I would peremptorily reverse the Court of Appeals on this question and allow the original sentence to stand.

MARILYN KELLY, J. (*dissenting*).

I dissent from the order denying leave to appeal. I would grant leave to appeal to consider whether the Court of Appeals correctly interpreted the phrase "domestic relationship" in MCL 777.40(1)(b).

---

[2] *People v Cannon*, 481 Mich 152, 161-62 (2008).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 9, 2011

_____
Clerk

y1206