# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

WILLIAM LARRY PRICE,

       Defendant-Appellant.

UNPUBLISHED
November 13, 2014

Nos. 317245 and 319744
Wayne Circuit Court
LC Nos. 12-005923-FC
            13-000023-FC

Before: RIORDAN, P.J., and SAAD and TALBOT, JJ.

PER CURIAM.

Following a bench trial, William Larry Price was convicted in LC No. 12-005923-FC of armed robbery,[1] carrying a concealed weapon (CCW),[2] felonious assault,[3] and possession of a firearm during the commission of a felony (felony-firearm).[4] In LC No. 13-000023-FC, he was convicted of two counts of armed robbery. Price was sentenced in LC No. 12-005923-FC to concurrent prison terms of 135 to 300 months for armed robbery, two to five years for CCW, and two to four years for felonious assault. He also received two years' imprisonment for felony-firearm.[5] In LC No. 13-000023-FC, the court sentenced Price to concurrent prison terms of 135 to 300 months for each count of armed robbery. Price appeals both cases by right. We affirm.

This case involves two armed robberies, one occurring on April 19, 2011,[6] and the other on May 28, 2011.[7] Price first argues that the trial court erred in admitting evidence of other bad

---

[1] MCL 750.529.

[2] MCL 750.227.

[3] MCL 750.82.

[4] MCL 750.227b.

[5] The judgment of sentence was subsequently amended to reflect that the armed robbery sentence was to run consecutive to the felony-firearm sentence.

[6] LC No. 12-005923-FC.

[7] LC No. 13-000023-FC.

acts.[8]  We disagree.  The admissibility of bad acts evidence is within the trial court's discretion and will be reversed on appeal only when the court clearly abused that discretion.[9]  "A trial court abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes."[10]

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.[11]

Evidence sought to be admitted under MRE 404(b) must meet four requirements:

> First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value of the evidence is not substantially outweighed by unfair prejudice; fourth, that the trial court may, upon request, provide a limiting instruction to the jury.[12]

Here, the prior bad acts evidence was offered to show a scheme or system in doing an act, which constitutes a proper purpose.[13]

> "[E]vidence of similar misconduct is logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system."[14]  When similar misconduct evidence is presented, the fact-finder "is asked to infer the existence of a common system and consider evidence that the defendant used that system in committing the charged act as proof that the charged act occurred."[15]  However, simply having a "[g]eneral similarity" by itself is insufficient.[16]  Still, while there must be " 'such a concurrence of common

---

[8] MRE 404(b).

[9] *People v Crawford*, 458 Mich 376, 383; 582 NW2d 785 (1998).

[10] *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007).

[11] MRE 404(b)(1).

[12] *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994).

[13] MRE 404(b).

[14] *People v Sabin (After Remand)*, 463 Mich 43, 63; 614 NW2d 888 (2000).

[15] *Id*. at 64 n 10.

[16] *Id*. at 64.

features that the various acts are naturally to be explained as caused by a general plan,' "[17] "distinctive and unusual features are not required to establish the existence of a common design or plan."[18]

Here, the similarities between the two cases are striking. In both cases, the victims were prompted by ads on the Mocospace social networking site to buy or sell cell phones. In both instances, Price changed the location of the transaction at the last minute and was accompanied by at least one other individual. And in both cases, Price secured control over the victims before producing a firearm and completing the robbery. In the first case, Price did this by taking physical possession of the phone. In the second case, Price requested that the victims "lift their shirts" to show they were not carrying firearms. Price then proceeded to pull a gun in the first case, and simply display a gun in the second case. These factors go beyond a general similarity and evidence common features of a consistently employed plan. Moreover, we find that the probative value of such evidence, was not "substantially outweighed by unfair prejudice."[19] Accordingly, the testimony was properly admitted.[20]

Price next argues that there was insufficient evidence submitted to prove beyond a reasonable doubt that he committed the May 28, 2011 robbery. We disagree. Sufficiency of the evidence challenges are reviewed de novo on appeal.[21]

Due process requires, in a criminal case, that a prosecutor introduce evidence sufficient to "justify a rational trier of fact" in concluding that the defendant is guilty beyond a reasonable doubt.[22] When considering a challenge to the sufficiency of the evidence, an appellate court "reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt."[23] Findings of fact are not set aside unless they are clearly erroneous, which exists where "the reviewing court is left with a definite and firm conviction that the trial court made a mistake."[24]

---

[17] *Id*. at 64-65, quoting 2 Wigmore, Evidence (Chadbourn rev), § 304, p 249 (emphasis omitted).

[18] *People v Hine*, 467 Mich 242, 252-253; 650 NW2d 659 (2002).

[19] *VanderVliet*, 444 Mich at 55.

[20] MRE 404(b). Moreover, given that the judge presiding at a bench trial is presumed to have a clear understanding of the rules of evidence, *People v Taylor*, 245 Mich App 293, 305; 628 NW2d 55 (2001), including the limitations placed on other acts evidence, Price cannot establish that the evidence was improperly considered by the trier of fact.

[21] *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011).

[22] *People v Johnson*, 460 Mich 720, 723; 597 NW2d 73 (1999) (citation omitted).

[23] *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (internal quotation marks and citation omitted).

[24] *Id*. (internal quotation marks and citation omitted).

Determining witness credibility and assigning weight to evidence remains the province of the trial court.[25]

At trial, the court noted that the case turns on identity. Establishing the identity of the perpetrator is an essential element in a criminal prosecution.[26] The trial court emphasized that all of the witnesses identified Price. Witness identification of a defendant "may be sufficient to support a conviction of a crime."[27] Regarding the May 28, 2011 robbery specifically, the court indicated that Alexander Dembitsky and Arthur Shamayev's identifications had the mark of reliability. The court indicated that Dembitsky "was very careful not to overstate his memory or his testimony," which increased his credibility and the reliability of his testimony. Additionally, the court noted that Martell Jones's focus during the crime was on Price, that Jones also did not embellish his testimony, and reasoned that Jones's identification provided a strong affirmation of Dembitsky and Shamayev's less than certain identifications of Price. Thus, the court found the identification testimony of all three witnesses to be credible. Deferring to the credibility judgments of the trial court as trier of fact,[28] we conclude that sufficient evidence was adduced to prove beyond a reasonable doubt that Price committed the May 28, 2011 robbery.

Finally, Price contends that offense variable (OV) 10 was incorrectly scored. We disagree. Application and interpretation of the sentencing guidelines are questions of law which an appellate court reviews de novo.[29] The trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence."[30] However, "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo."[31]

OV 10 relates to the "exploitation[32] of a vulnerable[33] victim," and is properly scored at 15 points if "[p]redatory conduct[34] was involved."[35] In order for points to be assessed under

---

[25] See *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992) (citation omitted).

[26] *People v Oliphant*, 399 Mich 472, 489; 250 NW2d 443 (1976).

[27] *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000).

[28] *Id*.

[29] *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004).

[30] *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

[31] *Id*.

[32] " 'Exploit' means to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b).

[33] " 'Vulnerability' means the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." MCL 777.40(3)(c).

OV 10, a victim must have been both vulnerable and exploited.[36] Several factors may be considered to determine whether a victim was vulnerable.[37] For example, vulnerability "may arise not only out of a victim's characteristics, but also out of a victim's relationships or circumstances."[38] Further, a defendant's predatory conduct alone "can create or enhance a victim's 'vulnerability.' "[39] "[C]onduct directed at a victim for the primary purpose of victimization inherently involves some level of exploitation."[40] Here, Price posed as a person interested in engaging in a business transaction for the purpose of robbing the victims of personal property and/or cash, purely for his benefit. The circumstances of the transactions led to the victims being made vulnerable. While Price originally arranged for the meetings with the victims to occur in semi-public locations, he then changed the locations at the last minute to areas that were secluded and brought at least one other individual with him, resulting in the victims being at a physical disadvantage. Thus, the record evidence supports that Price exploited vulnerable victims.

"[T]o be considered predatory, the conduct must have occurred before the commission of the offense."[41] But that the conduct occurred before the offense was committed does not mean that it is predatory in nature.[42] The conduct must have also been "directed at a person for the primary purpose of causing that person to suffer from an injurious action or to be deceived."[43] The statute does not require that "the defendant's preoffense predatory conduct have been directed at one particular or specific victim, but instead as requiring only that the defendant's

---

[34] " 'Predatory conduct' means preoffense conduct directed at a victim for the primary purpose of victimization." MCL 777.40(3)(a).

[35] MCL 777.40(1), (1)(a) (footnotes added).

[36] *People v Cannon*, 481 Mich 152, 157-158; 749 NW2d 257 (2008).

[37] *Id*. at 158-159.

[38] *People v Huston*, 489 Mich 451, 464; 802 NW2d 261 (2011).

[39] *Id*. at 468.

[40] *Cannon*, 481 Mich at 159.

[41] *Id.* at 160.

[42] *Huston*, 489 Mich at 461.

[43] *Cannon*, 481 Mich at 161.

preoffense predatory conduct have been directed at a victim."[44] In the instant case, Price arranged the transactions over the internet after hand-selecting his victims. Thus, the evidence supports that Price also engaged in predatory conduct. As a result, there was no error by the trial court in scoring OV 10 at 15 points.

Affirmed.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Talbot

---

[44] *Huston*, 489 Mich at 459 (emphasis omitted).