# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

RONALD EARL COOPER,

       Defendant-Appellant.

UNPUBLISHED
July 30, 2015

No. 320747
Montcalm Circuit Court
LC No. 2012-016334-FC

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as if on leave granted[1] from his plea-based conviction of assault with intent to do great bodily harm less than murder, MCL 750.84. Defendant was sentenced as a habitual offender second, MCL 769.10, to serve 71 months' to 15 years' imprisonment with credit for 58 days served. Defendant argues that he is entitled to resentencing on the ground that the trial court erroneously assessed 15 points for offense variable (OV) 10 under the sentencing guidelines. We agree, vacate defendant's sentence, and remand for resentencing.

## I. BACKGROUND

Defendant's conviction was by a plea of no-contest. The trial court relied on a police report to provide the factual basis for entry of the plea. The factual basis was not shared on the record. Counsels negotiated a recommended sentence agreement of 8 to 15 years. The trial court followed the recommendation at sentencing, imposing a prison term of 71 months to 15 years. The court noted defendant's prior convictions and the fact that defendant was incarcerated for aggravated stalking, involving the same woman as the instant case.

Appellate counsel filed a motion for resentencing in the trial court requesting that OV 10 be scored at zero instead of 15 points because defendant did not engage in predatory conduct, but rather only run-of-the-mill planning, and because victimization was not accomplished. The trial court denied appellate counsel's motion. The court described the conduct underlying defendant's convictions as recounted in defendant's presentence report, that while defendant was

---

[1] See *People v Cooper*, 497 Mich 950; 858 NW2d 45 (2015), citing MCR 7.302(H)(1).

-1-

incarcerated, he shared information about his ex-girlfriend with another inmate in an effort to have the ex-girlfriend killed. The court noted that defendant told the inmate where the ex-girlfriend worked, her work schedule, where she lived, vehicle information, and family information. The inmate did not carry out any action against the ex-girlfriend, although he told defendant he had. The inmate informed law enforcement instead. The trial court held that defendant's relay of information about his ex-girlfriend to the inmate was preplanning conduct of a predatory nature, and was akin to lying in wait and stalking therefore, substantiating 15 points for OV 10.

## II. STANDARD OF REVIEW

We review the trial court's factual determinations in scoring the sentencing guidelines for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *People v Buie*, 491 Mich 294, 315–316; 817 NW2d 33 (2012) (citation and quotation marks omitted). The trial court's factual determinations must be supported by a preponderance of the evidence. *Hardy*, 494 Mich at 438. "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. "When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination." *People v McChester*, __ Mich App __, __; __ NW2d __ (2015) (Docket No. 318145); slip op at 3.

## III. ANALYSIS

OV 10 "is exploitation of a vulnerable victim." MCL 777.40(1). Points under OV 10 are scored in the following manner:

(a) Predatory conduct was involved .............................. 15 points

(b) The offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status ......................... 10 points

(c) The offender exploited a victim by his or her difference in size or strength, or both, or exploited a victim who was intoxicated, under the influence of drugs, asleep, or unconscious .............................. 5 points

(d) The offender did not exploit a victim's vulnerability ............ 0 points [MCL 777.40(1)(a)-(d).]

"The mere existence of 1 or more factors described in subsection (1) does not automatically equate with victim vulnerability." MCL 777.40(2).

### A. VICTIM VULNERABILITY

"Exploitation of a vulnerable victim is a prerequisite to the assessment of points under OV10." *People v Cannon*, 481 Mich 152, 156, 159; 749 NW2d 257 (2008). Exploitation occurs

when a victim is manipulated "for selfish or unethical purposes." MCL 777.40(3)(b). " 'Vulnerability' means the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." MCL 777.40(3)(c). As noted in MCL 777.40(3)(b) and (c), "[f]actors to be considered in deciding whether a victim was vulnerable include (1) the victim's physical disability, (2) the victim's mental disability, (3) the victim's youth or agedness, (4) the existence of a domestic relationship, (5) whether the offender abused his or her authority status, (6) whether the offender exploited a victim by his or her difference in size or strength or both, (7) whether the victim was intoxicated or under the influence of drugs, or (8) whether the victim was asleep or unconscious." *Id*. at 158-159.

The trial court made no finding as to the vulnerability of the victim in this case and the focus of both parties before the trial court and on appeal is the issue of predatory conduct. The prosecution relies, in passing, on the prior domestic relationship of defendant and his ex-girlfriend. Reliance on a relationship that has ended, however, is misplaced. In order for a domestic relationship to be exploited it must be existing at the time of exploitation. Defendant and his ex-girlfriend did not have the domestic relationship required to assess points under OV 10. "The pair did not share a domicile, and they were not related." *People v Jamison*, 292 Mich App 440, 448; 807 NW2d 427 (2011) lv den 490 Mich 934; 805 NW2d 831 (2011). The lack of a finding as to the victim's vulnerability however, is not dispositive where the trial court has determined predatory conduct is involved, because "a defendant's 'predatory conduct,' by that conduct alone ..., can create or enhance a victim's 'vulnerability.' " *People v Huston*, 489 Mich 451, 462; 802 NW2d 261 (2011).

## B. PREDATORY CONDUCT

A score of 15 points under MCL 777.40(1)(a) is appropriate if "predatory conduct was involved." "[P]redatory conduct under the statute is behavior that is predatory in nature, precedes the offense, and is directed at a person for the primary purpose of causing that person to suffer from an injurious action." *People v Kosik*, 303 Mich App 146, 160; 841 NW2d 906 (2013). This "does not encompass any 'preoffense conduct,' but rather only those forms of 'preoffense conduct' that are commonly understood as being 'predatory' in nature, e.g., lying in wait and stalking, as opposed to purely opportunistic criminal conduct or preoffense conduct involving nothing more than run-of-the-mill planning to effect a crime or subsequent escape without detection." *Huston*, 489 Mich at 462 (internal quotation marks and citation omitted). "By its essential nature, predatory conduct may render *all* persons uniquely susceptible to criminal exploitation and transform all persons into potentially 'vulnerable' victims." *Id*. at 461. "[P]redatory conduct" "inherently involves some level of exploitation." *Id*. at 468 (citation omitted).

Defendant's information sharing with another inmate did not constitute predatory conduct. Defendant told a fellow inmate his ex-girlfriend's place of employment, her work schedule, where she lived, vehicle information, and family information. None of this information alone made the ex-girlfriend "uniquely susceptible to criminal exploitation," nor did it "transform" her into a "potentially 'vulnerable' victim[.]" *Id*. at 461. The record lacked

evidence of predatory conduct such as the timing of the assault (when no other persons were present) or its location (when the victim would be isolated or secluded from others).[2] Compare *People v Witherspoon*, 257 Mich App 329, 336; 670 NW2d 434 (2003). The trial court assumed that defendant obtained his ex-girlfriend's information through his prior stalking activities, but the evidence in the record is too sparse to support that conclusion over the equally plausible one that defendant acquired all the information innocently as an incident of his once-consensual relationship with the ex-girlfriend. The record before this Court does not suggest that the information shared did anything more than laid the foundation for a future spontaneous crime of opportunity.

## C. RESENTENCING

Assault with intent to do great bodily harm less than murder is a Class D Offense. MCL 777.65. Defendant was originally scored as a habitual offender second with a total of 35 prior record variable (PRV) points and 50 OV points, placing him in PRV Level D and OV Level V, with a minimum sentencing guidelines range of 29 to 71 months. The trial court sentenced defendant at the top of those guidelines at 71 months' to 15 years. Reducing the score for OV 10 to zero will reduce the OV points to 40 and the OV Level to IV. Defendant's guidelines would be in a different sentencing cell with a guidelines range of 19 to 47 months. "[D]efendant is entitled to resentencing when the trial court erred in scoring an offense variable, and the error affected the statutory sentencing guidelines range." *People v Jackson*, 487 Mich 783, 793; 790 NW2d 340 (2010).

We vacate defendant's sentence and remand for resentencing. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Cynthia Diane Stephens

---

[2] "The timing of an offense, including watching the victim and waiting until the victim is alone before victimizing her, may be evidence of predatory conduct." *Kosik*, 303 Mich App at 160.