# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

AARON RAY HANSON,

       Defendant-Appellant.

UNPUBLISHED
December 10, 2015

No. 322961
Lenawee Circuit Court
LC No. 13-016785-FH

Before: JANSEN, P.J., and CAVANAGH and GLEICHER, JJ.

PER CURIAM.

Defendant pleaded guilty to breaking and entering a building (here a church) with intent to commit a larceny, MCL 750.110, and was sentenced as a second habitual offender, MCL 769.10, to 71 to 180 months' imprisonment. We granted defendant's delayed application for leave to appeal challenging the scoring of Offense Variable (OV) 10 and the impact that score had on the sentence imposed. Defendant correctly contends that the variable was scored in error and we therefore vacate defendant's sentence and remand for resentencing. In doing so, we remind the circuit court that it will be required to follow *People v Lockridge*, 498 Mich 358; ___ NW2d ___ (2015), in crafting defendant's new sentence.[1]

At approximately 1:00 a.m. on October 7, 2013, defendant and two accomplices pried open the back door of a church in Brooklyn. Defendant admitted he entered with the intent "[t]o find anything of value." The men manipulated the church's security cameras and took a computer and a flat screen television. Defendant pleaded guilty to breaking and entering a building with intent to commit a larceny in exchange for the dismissal of other charges—larceny in a building and possession of burglar's tool—and an agreement to sentence defendant as a second, rather than fourth, habitual offender.

---

[1] We acknowledge that defendant did not challenge the scoring of the guidelines as violative of *Alleyne v United States*, 570 US __; 133 S Ct 2151; 186 L Ed 2d 314 (2013), and therefore did not preserve a challenge under *Lockridge*. However, *Lockridge* is now the controlling law regarding Michigan's sentencing guidelines and the circuit court is bound to follow its precepts when resentencing defendant.

-1-

At the sentencing hearing, the court assessed 15 points for OV 10 (exploitation of a vulnerable victim) over defendant's objection, concluding that defendant engaged in predatory conduct against the church's parishioners. As a result, defendant's total OV score was 35 points, and his minimum sentencing guidelines range was 29 to 71 months. The court sentenced defendant within that range to 71 to 180 months' imprisonment.

The prosecutor concedes that the circuit court erred in assessing points for OV 10. MCL 777.40 instructs that OV 10 should be scored when a defendant engages in predatory conduct toward a victim or exploits a vulnerable victim. See *People v Huston*, 489 Mich 451, 454; 802 NW2d 261 (2011). A "victim" for purposes of this offense variable is " 'a person who suffers from a destructive or injurious action or agency . . . .' " *People v Cannon*, 481 Mich 152, 161; 749 NW2d 257 (2008), quoting *Random House Webster's College Dictionary* (2001). "Vulnerability" refers to "the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." MCL 777.40(3)(c). "Predatory conduct" is "preoffense conduct directed at a victim for the primary purpose of victimization." MCL 777.40(3)(a).[2]

The record contains no evidence of preoffense conduct beyond "run-of-the-mill planning," which is insufficient to support a score of 15 points for OV 10. *Cannon*, 481 Mich at 162. Moreover, defendant and his accomplices were not targeting any victim, vulnerable or not. The crime was committed in the middle of the night when no employee or parishioner would be inside the church. Accordingly, the circuit court clearly erred in assessing any points for this variable.

The reduction of 15 points from defendant's total OV score changes his position on the sentencing grid and the now-advisory minimum sentence range. See *Lockridge*, 498 Mich at 391 (holding that the minimum sentencing guidelines must be treated as advisory to remain constitutional). With a total OV score of 20 points, defendant's minimum sentence range is reduced to 10 to 28 months. MCL 777.65. As defendant's minimum sentence of 71 months exceeds that range, remand for resentencing is required. See *People v Francisco*, 474 Mich 82, 89-90; 711 NW2d 44 (2006).

The prosecution attempts to avoid the need for resentencing by contending that the circuit court should have scored 10 points for OV 14, indicating that defendant was the leader in a multiple-offender situation. MCL 777.44(1)(a). In the alternative, the prosecution asserts that "substantial and compelling reasons" exist to impose an upward departure sentence. In its appellate brief, the prosecution completely failed to support these arguments with any facts or law. These issues were therefore not properly presented and we decline to consider them. *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). The prosecution may of course raise these arguments below at the resentencing hearing.

---

[2] The Legislature amended MCL 777.40, effective October 17, 2014. Those changes would not alter our analysis.

On remand, the circuit court must calculate defendant's sentence after scoring and considering the various offense and prior record variables. See *Lockridge*, 498 Mich at 392. Thereafter, the court must impose a sentence it deems "reasonable." *Id.*

We vacate defendant's sentence and remand for resentencing. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Elizabeth L. Gleicher