# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

SHANTEE BROWN,

      Defendant-Appellant.

UNPUBLISHED
February 14, 2017

No. 329917
Wayne Circuit Court
LC No. 12-006414-01-FC

Before: WILDER, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant was convicted by a jury of kidnapping, MCL 750.349, and first-degree criminal sexual conduct, MCL 750.520b(1)(c), and was sentenced to 17 to 35 years' imprisonment. He appealed, and this Court remanded for resentencing. *People v Brown*, unpublished opinion per curiam of the Court of Appeals, issued November 20, 2014 (Docket No. 317066); p 6. Defendant was resentenced to 12 to 35 years' imprisonment for each conviction, which he now appeals. We affirm.

Defendant argues that the trial court erred by assessing 15 points for offense variable (OV) 10 because the evidence did not support a finding that defendant's conduct was "predatory." We disagree.

A trial court's factual determinations with regard to the scoring of offense variables "are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). We review de novo issues of statutory interpretation, including "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute." *Id.*

A trial court must assess 15 points under OV 10 if a defendant's conduct was predatory. MCL 777.40(1)(a). Predatory conduct is preoffense conduct that is more than purely opportunistic; rather, it is conduct that targets a victim "for the primary purpose of victimization." *People v Ackah-Essien*, 311 Mich App 13, 37; 874 NW2d 172 (2015), quoting MCL 777.40(3)(a). In other words, "to be considered predatory, the conduct must have occurred before the commission of the offense." *People v Cannon*, 481 Mich 152, 160; 749 NW2d 257 (2008). And "the conduct must have been 'directed at a victim' before the offense was committed." *Id.*, quoting MCL 777.40(3)(a). Our Supreme Court summarized: "'Predatory conduct' under the statute is behavior that precedes the offense, directed at a person for the

-1-

primary purpose of causing that person to suffer from an injurious action or to be deceived." *Id*. at 161. "The timing and location of an offense—waiting until a victim is alone and isolated—is evidence of predatory conduct." *Ackah-Essien*, 311 Mich App at 37.

In this case, the trial court properly concluded from the evidence that defendant's preoffense conduct was predatory. It could be inferred from the evidence that defendant had specifically targeted the victim and prepared for an opportunity to victimize her. The victim testified that she walked the same route to work and left at the same time about five days a week. Defendant admitted to knowing which apartment the victim lived in, where she worked, and what time she walked to work. During the attack, defendant also told the victim that he knew where she worked, despite the fact that she was only halfway to work, and her uniform was covered up by her coat. It is clear that, before the offenses were committed, defendant determined where the victim lived, what time she left for work, the path she walked to work, and where she worked. Defendant then attacked the victim at a time when he knew that she would be walking to work alone, in the dark, before 5:00 a.m. on a December morning, when no one else was likely to be on the street to see him sexually assault her at gunpoint in an alley, i.e., when she was alone and isolated. Accordingly, OV 10 was properly assessed 15 points.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly