*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

GREGORY S. IHANDER,

      Defendant-Appellant.

UNPUBLISHED
September 17, 2020

No. 348468
Menominee Circuit Court
LC No. 15-003769-FC

Before: REDFORD, P.J., and BECKERING and M. J. KELLY, JJ.

PER CURIAM.

A jury found defendant guilty of second-degree murder, MCL 750.317. Defendant appealed and this Court affirmed his conviction but vacated his sentence and remanded for resentencing. *People v Ihander*, unpublished per curiam opinion of the Court of Appeals, issued January 3, 2019 (Docket No. 338389), p 1. On remand, the trial court sentenced defendant to 375 months to 50 years' imprisonment. Defendant appeals as of right. We affirm.

## I. FACTS

The facts of this case were set out in our previous opinion as follows:

On September 9, 2015, Menominee Sheriff's Deputy Greg Peterson conducted a property inspection at the Cedar River Marina. Upon driving around the parking lot, Deputy Peterson noticed an unoccupied vehicle that was parked in a prohibited parking space. Deputy Peterson testified that that [sic] the keys were still in the ignition and there was a purse in the front seat but the doors were locked and there was no one in sight. The decision was made to tow the vehicle. Following department policy, Michigan State Police Trooper Michael Borski and Menominee County Sheriff's Deputy Aaron Ihander[1] conducted an inventory of the contents of the abandoned vehicle. At this time, the body of Jolene Eichhorn was discovered

---

[1] Deputy Ihander testified that defendant is his second cousin.

-1-

in the trunk of the car. The previous day, Eichhorn had been at defendant's home while defendant's son repaired the starter on her vehicle. The investigation led officers to defendant's home that afternoon, and defendant was arrested after officers discovered a black garbage bag full of bloody kitchen items and rags in defendant's bathroom. [*Id.*]

## II. STANDARD OF REVIEW

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v McDade*, 301 Mich App 343, 356; 836 NW2d 266 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

## III. ANALYSIS

### A. PRIOR RECORD VARIABLE (PRV) 5

Defendant argues that the trial court erred by assessing five points for PRV 5. Defendant contends that his Wisconsin misdemeanor conviction of "Disorderly Conduct—Domestic Related" is not an offense against a person, and therefore should not have been considered in scoring PRV 5. We disagree.

"[PRV 5] is prior misdemeanor convictions or prior misdemeanor juvenile adjudications." MCL 777.55(1). Under MCL 777.55(1)(d), when "[t]he offender has 2 prior misdemeanor convictions or prior misdemeanor juvenile adjudications," five points are scored for PRV 5. A prior misdemeanor conviction or prior misdemeanor juvenile adjudication is counted "if it is an offense against a person or property, a controlled substance offense, or a weapon offense." MCL 777.55(2)(a). A prior misdemeanor conviction is "a conviction for a misdemeanor under a law of this state, a political subdivision of this state, another state, a political subdivision of another state, or the United States if the conviction was entered before the sentencing offense was committed." MCL 777.55(3)(a).

The record reflects that defendant's Presentence Investigation Report (PSIR) indicated that defendant pleaded guilty in Marinette County, Wisconsin, to "Battery—Domestic Abuse Related" on March 12, 1990, and to "Disorderly Conduct—Domestic Related" on February 11, 1992. The Wisconsin disorderly conduct statute states, "Whoever, in a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance is guilty of a Class B misdemeanor." Wis Stat 947.01(1). Further, Wis Stat 973.055(1), governing "domestic abuse surcharges," provides in relevant part:

> (1) If a court imposes a sentence on an adult person or places an adult person on probation, regardless of whether any fine is imposed, the court shall impose a domestic abuse surcharge under ch. 814 of $100 for each offense if:

(a)

    1.  The court convicts the person of a violation of a crime specified in . . . 947.01(1) . . . and

    2.  The court finds that the conduct constituting the violation under subd. 1 involved an act by the adult person against his or her spouse or former spouse, against an adult with whom the adult person resides or formerly resided or against an adult with whom the adult person has created a child . . . .

Under Wis Stat 968.075(1)(a), domestic abuse is defined as

any of the following engaged in by an adult person against his or her spouse or former spouse, against an adult with whom the person resides or formerly resided or against an adult with whom the person has a child in common:

    1.  Intentional infliction of physical pain, physical injury or illness.

    2.  Intentional impairment of physical condition.

    3.  A violation of s. 940.225(1), (2) or (3).

    4.  A physical act that may cause the other person reasonably to fear imminent engagement in the conduct described under subd. 1, 2 or 3.

Michigan's statute governing domestic violence provides as follows:

    Except as provided in subsection (3), (4), or (5), an individual who assaults or assaults and batters his or her spouse or former spouse, an individual with whom he or she has or has had a dating relationship, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household, is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.  [MCL 750.81(2).]

Domestic violence is a crime against a person.  MCL 777.16d.  Under the Wisconsin statute, Wis Stat 973.055(1)(a)2, a surcharge for domestic abuse can be added to a disorderly conduct conviction.  An offense with a domestic-violence component is analogous to a domestic violence conviction under MCL 750.81.  Therefore, the trial court did not clearly err by finding that defendant's conviction of disorderly conduct—domestic related, qualified as an offense against a person.  Because defendant had two prior misdemeanor convictions of crimes against persons, the trial court could properly assess five points for PRV 5.

Defendant also argues that PRV 5 can only be scored if defendant was represented by counsel, and in this case, "the government has failed to show that" defendant was represented by counsel.  We disagree.

To establish that the defendant lacked legal representation, defendant bears the burden to

(1) present prima facie proof that a previous conviction was violative of [*Gideon v Wainwright*, 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963)], such as a docket entry showing the absence of counsel or a transcript evidencing the same; or (2) present evidence that he has requested such records from the sentencing court and it has failed to reply or has refused to furnish copies of records within a reasonable period of time, say four weeks. Upon such presentation, either (1) or (2), the burden will then be upon the prosecutor to establish the constitutional validity of the prior conviction. [*People v Moore*, 391 Mich 426, 440-441; 216 NW2d 770 (1974).]

In this case, defendant failed to present the required prima facie proof as required by *Moore*, and therefore, the burden of proof cannot be shifted to the prosecutor "to establish the constitutional validity of the prior conviction." *Id*. Accordingly, the trial court did not err by assessing defendant five points for PRV 5.

## B. OFFENSE VARIABLE (OV) 10

Defendant argues that the trial court also erred by assessing five points for OV 10. We disagree.

OV 10 is scored for all felony offenses (except crimes involving controlled substances) in cases that involve the exploitation of a vulnerable victim. MCL 777.40(1); MCL 777.22. Five points must be assessed if "[t]he offender exploited a victim by his or her difference in size or strength, or both, or exploited a victim who was intoxicated, under the influence of drugs, asleep, or unconscious,". MCL 777.40(1)(c). " 'Exploit' means to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b). Vulnerability is defined as "the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." MCL 777.40(3)(c). MCL 777.40(2) also provides that "the mere existence of 1 or more factors described in subsection (1) does not automatically equate with victim vulnerability." "[Po]ints should be assessed under OV 10 only when it is readily apparent that a victim was 'vulnerable,' i.e., was susceptible to injury, physical restraint, persuasion, or temptation." *People v Cannon*, 481 Mich 152, 158; 749 NW2d 257 (2008). When assessing whether the victim constituted "vulnerable" for OV 10 scoring purposes, the trial court should consider the following factors:

(1) the victim's physical disability, (2) the victim's mental disability, (3) the victim's youth or agedness, (4) the existence of a domestic relationship, (5) whether the offender abused his or her authority status, (6) *whether the offender exploited a victim by his or her difference in size or strength or both*, (7) whether the victim was intoxicated or under the influence of drugs, or (8) whether the victim was asleep or unconscious. The mere existence of one of these factors does not automatically render the victim vulnerable. [*Id*. at 158-159 (emphasis added).]

In this case, the trial court noted that given defendant's height and weight, and defendant's strategic strike on the victim, a downward strike that severed the victim's carotid artery, defendant exploited his size and strength. The trial court found that evidence established that defendant's strike on the victim had been so effective that the victim bled out in "three or four minutes." Further, record evidence established that the victim suffered several defensive wounds. On her left hand, four of her fingers appear almost severed. On her right hand, she had a deep cut on her

palm. The record reflects that the trial court properly considered this evidence and drew rational inferences from the evidence. The trial court, therefore, did not err by concluding that defendant exploited the victim by his difference in size and strength. Accordingly, the trial court properly assessed five points for OV 10.

Affirmed.

/s/ James Robert Redford
/s/ Jane M. Beckering
/s/ Michael J. Kelly