PEOPLE v RUSSELL (ON REMAND)

Docket No. 264597. Submitted October 23, 2008, at Lansing. Decided December 11, 2008, at 9:00 a.m.

An Oakland Circuit Court jury convicted Thomas W. Russell of child sexually abusive activity, use of the Internet to communicate with another for the purpose of violating the statute prohibiting child sexually abusive activity, and three counts of using the Internet to communicate with another for the purpose of attempting to distribute obscene material to a minor. The defendant's offenses involved Internet communications with an adult male special agent for the Attorney General who the defendant thought was a 14-year-old girl. At sentencing, the parties disagreed about scoring offense variable 10 (exploitation of a vulnerable victim), MCL 777.40. The court, Nanci J. Grant, J., assessed 15 points for that variable, the score applicable when predatory conduct was involved. The court reasoned that an actual victim was not a prerequisite for assessing 15 points. The Court of Appeals affirmed the defendant's convictions and sentences in an unpublished opinion per curiam issued February 8, 2007 (Docket No. 264597). The Supreme Court vacated the judgment of the Court of Appeals and remanded the case to that Court for reconsideration of the scoring issue in light of *People v Cannon*, 481 Mich 152 (2008). 482 Mich 995 (2008).

On remand, the Court of Appeals *held*:

The trial court erred by assessing points for offense variable 10. Under *Cannon*, points should be assessed for that variable only when it is readily apparent that a victim was vulnerable, that is, was susceptible to injury, physical restraint, persuasion, or temptation. Offense variable 10 does not apply if no vulnerable victim was in fact placed in jeopardy or exploited by the offender's actions. Regardless of the defendant's subjective intent, his conduct did not place a vulnerable victim in jeopardy because there was, in fact, no vulnerable victim to be jeopardized. The adult male agent with whom the defendant communicated did not qualify as a vulnerable victim under *Cannon*, and no points can be assessed for offense variable 10.

Two of the defendant's sentences vacated; case remanded for resentencing.

SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLES — VICTIMS OF CRIMES — VULNERABLE VICTIMS — PREDATORY CONDUCT.

No points may be assessed for offense variable 10 of the sentencing guidelines (exploitation of a vulnerable victim) if no vulnerable victim was in fact placed in jeopardy or exploited by the offender's actions, regardless of the offender's subjective intent (MCL 777.40).

*Michael A. Cox*, Attorney General, and *B. Eric Restuccia*, Solicitor General, for the people.

*Gary L. Kohut* for the defendant.

ON REMAND

Before: DONOFRIO, P.J., and BANDSTRA and ZAHRA, JJ.

PER CURIAM. In an order issued on September 24, 2008, our Supreme Court vacated the portion of this Court's earlier opinion per curiam that upheld the trial court's assessment of 15 points for offense variable 10 (OV 10), MCL 777.40 (exploitation of a vulnerable victim), and remanded the case to this Court for reconsideration in light of *People v Cannon*, 481 Mich 152; 749 NW2d 257 (2008). On the basis of *Cannon*, we reverse.

I. UNDERLYING FACTS AND PROCEEDINGS

Defendant was convicted of one count of child sexually abusive activity, MCL 750.145c(2), one count of use of the Internet to communicate with another for the purpose of violating the statute prohibiting child sexually abusive activity, MCL 750.145d(1)(a), and three counts of use of the Internet to communicate with another for the purpose of attempting to distribute obscene matter to a minor, MCL 750.145d(1)(a), after a

jury trial. Defendant communicated over the Internet with a person he thought was a 14-year-old girl named "Kelly," but who in fact was an adult male special agent for the Attorney General. Defendant engaged in explicit sexual conversations with "Kelly," sent "her" nude photographs of himself, and eventually arranged to meet "her" for the purpose of engaging in sexual activity. Defendant was arrested when he arrived at the predetermined meeting location. A search of defendant's truck revealed an overnight bag, two condoms, personal lubricant, and an atlas.

At sentencing, the parties disagreed about the scoring of OV 10, MCL 777.40. That statute provides, in pertinent part:

> (1) Offense variable 10 is exploitation of a vulnerable victim. Score offense variable 10 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) Predatory conduct was involved . . . . . . . . . . 15 points
>
> (b) The offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10 points
>
> *  *  *
>
> (d) The offender did not exploit a victim's vulnerability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 0 points
>
> (3) As used in this section:
>
> (a) "Predatory conduct" means preoffense conduct directed at a victim for the primary purpose of victimization.
>
> (b) "Exploit" means to manipulate a victim for selfish or unethical purposes.
>
> (c) "Vulnerability" means the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation.

Defendant objected to the probation department's scoring of OV 10 at 10 points, arguing that because no actual underage person was involved in this case, there was no victim to be exploited. The prosecutor argued that OV 10 should be scored at 15 points because defendant engaged in predatory conduct designed to persuade a person who he thought was an underage girl to participate in sexual activity with him. The trial court concluded that OV 10 should be scored at 15 points, reasoning that an actual victim was not a prerequisite to such scoring. The change in the scoring of OV 10 to 15 points (along with another scoring change that is not at issue) resulted in a sentencing guidelines recommended minimum term range of 45 to 75 months for the most serious offense, child sexually abusive activity.

The trial court sentenced defendant to concurrent terms of 45 to 240 months for child sexually abusive activity and use of the Internet to communicate with another for the purpose of violating the statute prohibiting child sexually abusive activity and 12 to 48 months for each count of use of the Internet to communicate with another for the purpose of attempting to distribute obscene matter to a minor.

Defendant appealed in this Court, and in *People v Russell*, unpublished opinion per curiam of the Court of Appeals, issued February 8, 2007 (Docket No. 264597), this Court affirmed defendant's convictions and sentences. Considering defendant's application for leave to appeal, our Supreme Court entered an order providing as follows:

> By order of July 18, 2007, the application for leave to appeal the February 8, 2007, judgment of the Court of Appeals was held in abeyance pending the decision in *People v Cannon*, (Docket No. 131994). On order of the

Court, the case having been decided on June 4, 2008, 481 Mich 152 (2008), the application is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we vacate that part of the Court of Appeals judgment addressing defendant's argument regarding whether points for predatory conduct may be assessed for offense variable 10, MCL 777.40(3)(a) (exploitation of a vulnerable victim), where the victim is a police decoy, and we remand this case to the Court of Appeals for reconsideration of that issue in light of *Cannon, supra*. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction. [*People v Russell*, 482 Mich 995 (2008).]

## II. ANALYSIS

In *Cannon*, the defendant and his codefendants committed an armed robbery of a Burger King restaurant. The defendant was convicted of conspiracy to commit armed robbery, MCL 750.157a; MCL 750.529. At sentencing, the prosecutor argued that OV 10 should be scored at 15 points because the defendant engaged in predatory conduct, including waiting in a nearby vehicle until no customers were in the restaurant. The prosecutor asserted that the defendant and his codefendants specifically targeted the restaurant and intended that their actions would victimize the employees of the restaurant. The trial court assessed 15 points for OV 10, finding that the defendant engaged in predatory conduct because he could have signaled his codefendants to stop the robbery. *Cannon, supra* at 154-155. This Court affirmed the scoring of OV 10, concluding that the defendant's actions constituted predatory conduct. This Court noted that the evidence showed that the defendant and his codefendants had planned the robbery in advance, parked their vehicle in a place where it would

not be seen, and waited until all customers had left before entering the restaurant. *Id.* at 155-156.

The Supreme Court reasoned that the intent of OV 10 was "the assessment of points for the exploitation of vulnerable victims." *Id.* at 157. The Court noted that the statute specifically states that zero points are to be assigned when the " 'offender did not exploit a victim's vulnerability.' " *Id.* at 158, quoting MCL 777.40(1)(d). The Court concluded that "points should be assessed under OV 10 only when it is readily apparent that a victim was 'vulnerable,' i.e., was susceptible to injury, physical restraint, persuasion, or temptation." *Cannon, supra* at 158. The Court thus emphasized the protection of vulnerable victims and sanctioning their exploitation. In other words, regardless of an offender's subjective intent, if no vulnerable victim was in fact placed in jeopardy or exploited by an offender's actions, OV 10 does not apply.[1]

Under the analysis of *Cannon*, regardless of defendant's intent, his conduct did not place any vulnerable victim in jeopardy because there was, in fact, no vulnerable victim to be jeopardized. The person with whom defendant communicated was not a vulnerable 14-year-old girl named "Kelly"; he was, instead, an adult special agent. Such a person would not qualify as a vulnerable victim under the factors set out in *Cannon. Id.* at 158-159. We conclude that, under these circumstances, no points can be assessed for OV 10.[2]

---

[1] We recognize that this is not the rule applicable to the elements of the criminal offenses at issue here. See *People v Thousand*, 465 Mich 149, 165-166; 631 NW2d 694 (2001); *People v Cervi*, 270 Mich App 603, 624; 717 NW2d 356 (2006).

[2] Further, we note that, even if OV 10 could be applied against defendant, points could not be assessed against him for "predatory conduct," which is defined to require "preoffense conduct." MCL 777.40(3)(a). *Cannon* explained that the first question in determining

The trial court erred by assessing sentencing guidelines points for OV 10. We vacate defendant's sentences for child sexually abusive activity and use of the Internet to communicate with another to violate the statute prohibiting child sexually abusive activity, and we remand this case to the trial court for resentencing on those offenses. We do not retain jurisdiction.

whether points can be assessed for predatory conduct is whether the offender engaged in conduct before the commission of the offense. *Cannon, supra* at 160, 162. Defendant's interactions on the Internet with the person he believed to be a 14-year-old girl named "Kelly" constituted the offenses themselves; there was no preoffense conduct, before his Internet communications, that could constitute predatory conduct.