*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRADLEY DUANE GATT,

        Defendant-Appellant.

UNPUBLISHED
February 14, 2019

No. 340885
Hillsdale Circuit Court
LC No. 17-414023-FH

Before: METER, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

In this appeal, defendant Bradley Duane Gatt challenges the trial court's scoring of certain sentencing guideline offense variables (OVs) and asserts he is entitled to resentencing following his guilty plea to one count of possession of hydrocodone less than 25 grams, MCL 333.7403(2)(a)(*v*), and one count of possession of burglar's tools, MCL 750.116. Defendant was sentenced to 23 to 48 months' imprisonment for the possession of hydrocodone conviction and 24 to 120 months' imprisonment for the possession of burglar's tools conviction. Defendant appeals his sentence by delayed leave granted.[1] Because the trial court incorrectly scored several OVs, we vacate defendant's sentences and remand for resentencing.

On March 6, 2017, defendant broke into his father and stepmother's house and stole his father's painkillers and some of his stepmother's jewelry. At the time, defendant's father was in the hospital undergoing surgery. A neighbor across the street noticed defendant and called the police. Defendant was arrested as he exited the house. One of the police officers observed that the door to the house was pried open, and inside, the officer found a crowbar and gloves. Defendant pleaded guilty to the two charges and was sentenced on May 1, 2017.

---

[1] *People v Gatt*, unpublished order of the Court of Appeals, entered January 2, 2018 (Docket No. 340885).

Defendant argues on appeal that the trial court erred in scoring OVs 10, 12, and 16; that trial counsel was ineffective at sentencing; that the trial court improperly relied on incorrect facts when sentencing defendant; and that the trial court's upward departure from the guidelines minimum sentence range was not sufficiently supported on the record. We agree that the trial court erred in scoring OVs 10, 12 and 16, and therefore, defendant is entitled to resentencing. Because defendant is entitled to resentencing on this basis, we need not reach the additional issues on appeal.

At sentencing, the parties did not address the probation department's recommended scoring of the guidelines that was attached to the presentence report. Further, the trial court did not articulate its reasons for scoring the OVs when imposing sentence. However, after identifying a guidelines range for the sentencing offenses, the trial court justified an upward departure from the guidelines minimum sentence range because (1) defendant "committed a felony while on bond," (2) defendant's substance abuse problem, (3) defendant's familial relationship with the victim, and (4) defendant's "repetitive conduct."

The trial court sentenced defendant to a minimum sentence of 23 months' imprisonment for the possession of hydrocodone conviction; this sentence exceeded the guidelines minimum sentence range of 0 to 17 months' imprisonment. On this sentence, defendant objects to the assessment of points for OV 12. Similarly, the trial court sentenced defendant to a minimum sentence of 24 months' imprisonment for the possession of burglar's tools conviction; this sentence also exceeded the guidelines minimum sentence range of 5 to 23 months' imprisonment. On this sentence, defendant objects to the assessments of points for OVs 10, 12, and 16.

"A sentence that is outside the appropriate guidelines sentence range, for whatever reason, is appealable regardless of whether the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand." *People v Kimble*, 470 Mich 305, 310; 684 NW2d 669 (2004). When a defendant does not raise a scoring error argument until his application for leave to appeal with this Court, the record is reviewed for plain error. *Id*. at 312. The defendant must show that an error occurred; that the error was plain, clear, or obvious; and that the plain error affected defendant's substantial rights. *Id*., citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Where an error affects a defendant's guidelines minimum sentence range, defendant's substantial rights have been affected. *Kimble*, 470 Mich at 312-313. Defendant did not raise these scoring errors at sentencing, in a motion for resentencing, or in a motion to remand, so this Court reviews them for plain error. See *id*. at 312.

Defendant first argues that the trial court erroneously assessed 10 points for OV 10 because defendant did not exploit any vulnerable victims when he broke into an empty home. We agree.

OV 10 relates to the exploitation of a vulnerable victim. MCL 777.40(1). The court must assess 10 points when "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status," and zero points if "the offender did not exploit a victim's vulnerability." MCL 777.40(1)(b) and (d).

"Points should be assessed under OV 10 only when it is readily apparent that a victim was 'vulnerable,' i.e., was susceptible to injury, physical restraint, persuasion, or temptation," and that vulnerable victim was exploited. *People v Cannon*, 481 Mich 152, 158-159; 749 NW2d 257 (2008). In determining whether a victim was vulnerable, relevant factors include a victim's physical disability and the existence of a domestic relationship, but the existence of some factors evidencing vulnerability "does not automatically render the victim vulnerable." *Id*. at 159; MCL 777.40(2). A trial court properly assesses 10 points for OV 10 where the victim's vulnerability is used to the defendant's advantage. See *People v Phillips*, 251 Mich App 100, 109; 649 NW2d 407 (2002) (defendant was much older than the victim, who he was in the process of adopting when he abused her). However, where "no vulnerable victim was in fact placed in jeopardy or exploited by offender's actions, OV 10 does not apply." *People v Russell (On Remand)*, 281 Mich App 610, 615; 760 NW2d 841 (2008).

There are three factors evidencing potential vulnerability the trial court could have considered: defendant's familial relationship to the victim; the fact that the victim was physically disabled and in the hospital undergoing surgery; and the victim's advanced age.[2] Taken together, these factors could support a finding that the victim was vulnerable, i.e., susceptible to injury by way of robbery. At the time of the offense, defendant knew his father was in the hospital and would not be home. Given their father-son relationship, he knew that his father had pain pills in the house and that his step-mother had jewelry. However, even though defendant's father may have been vulnerable, defendant did not actually exploit this vulnerability. At the time of the offense, there were no victims present in the home, so there were no victims placed in jeopardy or exploited by defendant's actions. See *Russell*, 281 Mich App at 615. There is no evidence to support the trial court's assessment of 10 points for OV 10. Therefore, the trial court erred in assessing 10 points for OV 10.

Defendant next argues that the trial court erroneously assessed 10 points for OV 12 because he only committed one contemporaneous felonious criminal act that did not result in a conviction. We agree.

OV 12 relates to contemporaneous felonious criminal acts that do not result in separate convictions. MCL 777.42(1) and (2)(a)(*ii*). The trial court must assess 10 points for OV 12 when three or more contemporaneous felonious acts involving crimes other than crimes against a person were committed. MCL 777.42(1)(c). The trial court must assess five points for OV 12 when only one contemporaneous felonious criminal act involving a crime against a person was committed. MCL 777.42(1)(d). When assessing OV 12, the trial court must look "beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense." *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010). Thus,

---

[2] The age of the victim was not identified during sentencing or in the presentence report. However, under the "Agent's Description of the Offense" in the presentence report, the neighbor who lived across the street from the victims referred to them as "the elderly couple." The victim is also the father of defendant, who was 43 years old at the time of the sentencing, which also supports a finding that the victim was of an advanced age.

-3-

offenses for which defendant is convicted should not be considered when assessing OV 12. *Id.* at 726.

In assessing 10 points for OV 12, the trial court appears to have considered all of the counts that defendant was originally charged with (second-degree home invasion, possession of hydrocodone, and possession of burglary tools). However, defendant was convicted of two of those felonies via his guilty plea; thus, those offenses could not be used to score OV 12. There was only one charge—second-degree home invasion—that did not result in a separate conviction. No evidence was presented at the preliminary examination or at sentencing to show any other criminal activity by defendant within 24 hours of the charged offenses. See MCL 777.42(2)(a)(*i*). Defendant did not admit to any additional criminal acts at the preliminary exam or sentencing, nor did the prosecution allege that defendant committed any additional criminal acts. As such, only a single contemporaneous criminal act against a person should have been considered in assessing points for OV 12. Therefore, the trial court erred in assessing 10 points for OV 12. See *Light*, 290 Mich App at 723.

Defendant next argues that for the charge of possession of burglar's tools, the trial court erroneously assessed five points for OV 16 because there was no evidence presented regarding the value of the stolen property.

OV 16 relates to the value of property obtained, damaged, lost, or destroyed. MCL 777.46(1). The court must assess five points if "the property had a value of $1,000.00 or more but not more than $20,000.00," and zero points if "no property was obtained, damaged, lost, or destroyed or the property had a value of less than $200.00." MCL 777.46(1)(c) and(e). Where the record is devoid of evidence to support an OV score, "speculation cannot form the basis" for affirming it. *People v McChester*, 310 Mich App 354, 359; 873 NW2d 646 (2015). Resentencing is required when this is the case. *Id.* at 360.

There was no evidence presented at the preliminary examination or at sentencing to establish the value of the property stolen by defendant. Although defendant admitted that he took the hydrocodone and jewelry from the victims' home, there was no testimony as to the value of that stolen property. The prosecution presented no evidence at sentencing to substantiate the value the trial court assigned to the stolen property, and neither the PSIR nor the victim's impact statement contains evidence regarding the value of the stolen property. There is no evidence in the record that supports the trial court's assessment of five points for OV 16. Therefore, the trial court clearly erred in assessing five points for OV 16, and defendant is entitled to resentencing. See MCL 769.34(10); *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006); *McChester*, 310 Mich App at 360.

The trial court erred in assessing 10 points for OVs 10 and 12, and in assessing five points for OV 16. Each of these errors is consequential to defendant's OV Level, and therefore, his sentence. For the possession of hydrocodone conviction, a change in OV 12 from 10 points to 5 points would move defendant from OV Level III to OV Level II, resulting in a guidelines minimum sentence range of 0 to 11 months' imprisonment. MCL 777.68. For the possession of burglar's tools conviction, a change in OVs 10, 12, and 16 would move defendant from OV Level IV to OV Level II, resulting in a guidelines minimum sentence range of 0 to 11 months' imprisonment. MCL 777.66. Because defendant's sentences are based on inaccurate

calculations of the guidelines ranges, he is entitled to resentencing, see MCL 769.34(10); *Francisco*, 474 Mich at 92, and we need not reach the additional arguments raised on appeal.

We remand to the trial court for resentencing. We do not retain jurisdiction.


/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Thomas C. Cameron