*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JONATHAN MICHAEL VERHELLE,

      Defendant-Appellant.

UNPUBLISHED
November 16, 2023

No. 363734
Tuscola Circuit Court
LC No. 19-014782-FH

Before: RIORDAN, P.J., and CAVANAGH and GARRETT, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his sentence of 40 to 60 months' imprisonment for domestic violence, after revocation of his probation. Defendant initially entered into a *Cobbs*[2] agreement. In exchange for pleading no contest to his third-offense domestic violence charge, MCL 750.81(4), defendant received a one-year cap on his jail sentence, and a 5-year term of probation. In addition, the felonious assault charge, MCL 750.82, was dismissed. Defendant also contests the order denying his motion to correct invalid sentence under MCR 6.429. We reverse and remand for proceedings consistent with this opinion.

## I. BACKGROUND

This case arises from a domestic altercation. In January 2019, police were dispatched to the home of 63-year-old Larry Verhelle (Larry), defendant's father. On the day of the altercation, defendant's girlfriend kicked him out because they were having financial issues. Defendant called Larry asking if he could move in because he had "no place to go." Despite a history of assaultive behavior by both defendant and Larry, Larry agreed to let defendant stay with him. Shortly after defendant arrived, he and Larry began arguing about defendant's situation. During the argument, Larry got up from the kitchen table and allegedly aggressively approached defendant, trying to

---

[1] *People v Verhelle*, unpublished order of the Court of Appeals, entered January 3, 2023 (Docket No. 363734).

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

grab him and remove him from the house. Defendant punched Larry in his left eye, struck him in the head with a metal pan, and ran outside. Defendant and the prosecutor entered into the *Cobbs* agreement, and the trial court accepted defendant's plea, sentenced him to one year in jail, imposed a 5-year probation period, and awarded 39 days of jail credit on the domestic violence charge.

After defendant was released from jail, the prosecutor filed several requests for warrants alleging defendant committed numerous probation violations. In August 2020, the prosecutor alleged defendant tested positive for marijuana and cocaine. Defendant agreed to plead guilty to one count in exchange for dismissing the other, which the trial court accepted, sentencing defendant to time served and continuing his probation. Between June 2021 and July 2021, the prosecutor alleged defendant: (1) failed to report; (2) tested positive for alcohol; (3) operated a motor vehicle with a suspended or revoked license; (4) operated a motor vehicle without a valid plate; (5) operated an unregistered motor vehicle; (6) admitted to using marijuana; and (7) lied about having COVID-19. In lieu of holding a probation violation hearing, the trial court ordered defendant to complete the TRI-CAP treatment program. Between August 2021 and November 2021, the prosecutor alleged defendant: (1) failed to drop; (2) was found in possession of marijuana wax and marijuana pipes; (3) was found in possession of two folding knives; (4) repeatedly failed to report; (5) repeatedly failed to charge his curfew tether; (6) failed to submit to random drug testing; and (7) failed to comply with the curfew tether. Further, defendant failed to complete his court-ordered treatment at TRI-CAP. During the probation violation hearing, defendant agreed to plead guilty to two counts in exchange for dismissing the remaining probation violation counts, which the trial court accepted.

During the probation violation sentencing hearing, defendant and the prosecutor agreed the sentence investigation report (SIR) accurately scored defendant's sentencing guidelines at 14 to 29 months' imprisonment. Defendant requested that the trial court sentence him at the low end of the guidelines with credit for time served. The prosecutor requested that the trial court revoke defendant's probation and sentence him at the top end of the guidelines with credit for time served because of defendant's criminal history and extensive noncompliance with his probation. The trial court revoked defendant's probation and sentenced him above the sentencing guidelines to 40 to 60 months' imprisonment with 449 days of jail credit.

Defendant moved to correct an invalid sentence under MCR 6.429, arguing OV 10 was incorrectly assessed 10 points because there was no evidence defendant exploited any vulnerability of Larry. Defendant claimed the only evidence of Larry's vulnerability was the existence of a domestic relationship, which was insufficient to show Larry was vulnerable. Additionally, defendant claimed there was no evidence he exploited any vulnerability. Defendant also argued that he was entitled to resentencing because his sentence was disproportionate and unreasonable. Although defendant repeatedly violated the terms of his probation, the trial court failed to explain why these violations justified a departure sentence or why the extent of the departure was justified.

The prosecutor responded, arguing OV 10 was properly assessed 10 points and there was no procedural deficiency to warrant resentencing. The prosecutor also claimed, based on defendant's conduct and the record, defendant's sentencing was not procedurally defective and his sentence was not unreasonable. The prosecutor argued that the guidelines did not reflect the seriousness of defendant's criminal record or address defendant's "failure to respond to rehabilitative efforts." Because defendant's conduct justified the departure sentence and the trial

court's rationale adequately explained the reason for the extent of the departure, the prosecutor contended defendant was not entitled to resentencing.

The trial court found the assessment of 10 points for OV 10 was proper because defendant exploited his domestic relationship with Larry. The trial court also found the sentencing court did not abuse its discretion in imposing a departure sentence because it "provided adequate reasons for the extent of the departure sentence imposed," and a departure sentence was warranted based on defendant's criminal history and numerous probation violations.[3] This appeal followed.

While this appeal was pending, defendant moved for peremptory reversal under MCR 7.211(C)(4), claiming he was entitled to resentencing, which this Court denied. *People v Verhelle*, unpublished order of the Court of Appeals, entered March 17, 2023 (Docket No. 363734).

II. OV 10

Defendant argues that he is entitled to resentencing because the trial court incorrectly assessed 10 points for OV 10. We agree.

A. STANDARDS OF REVIEW

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) superseded in part by statute as stated in *People v Rodriguez*, 327 Mich App 573, 579 n 3; 935 NW2d 51 (2019). The trial court may consider all record evidence in calculating the sentencing guidelines, including the contents of the PSIR. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Brooks*, 304 Mich App 318, 319-320; 848 NW2d 161 (2014) (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

B. ANALYSIS

"Offense variable 10 is exploitation of a vulnerable victim." MCL 777.40(1). OV 10 is properly assessed 10 points when "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). The term " 'vulnerability' means the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." MCL 777.40(3)(c). The term

---

[3] Relevant to the OV score, defendant also claimed that OVs 1, 2, 12 and 19 were improperly scored. The trial court held that OVs 1 and 2 were properly scored but OV 12 was improperly scored; the prosecution also conceded that OV 19 was improperly scored. OVs 12 and 19 were assessed 0 points, so defendant's overall OV score was reduced from 71 points to 56 points. Because this reduction did not alter defendant's minimum guidelines range, resentencing was not required.

" '[e]xploit' means to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b). A "domestic relationship" means "a familial or cohabitating relationship." *People v Jamison*, 292 Mich App 440, 447; 807 NW2d 427 (2011). "Accordingly, to merit a score of 10 points for OV 10, a defendant must have manipulated a [] victim for a selfish or unethical purpose and the victim's vulnerability must have been readily apparent." *People v Needham*, 299 Mich App 251, 255; 829 NW2d 329 (2013). Only conduct that relates to the offense being scored may be considered in assessing points. *People v Sargent*, 481 Mich 346, 350; 750 NW2d 161 (2008).

The parties agree there is a domestic relationship between defendant and Larry because they are father and son. However, defendant claims the mere existence of a domestic relationship was insufficient to show Larry was vulnerable and there was no evidence defendant exploited any vulnerability of Larry. In addition to the domestic relationship, the record shows defendant was 22 years old at the time of the offense, while Larry was 63 years old. This 40-year age gap arguably supports a finding of vulnerability because of agedness. See MCL 777.40(1)(b).

The record shows that the morning of the altercation, defendant called Larry asking if he could stay with him after being kicked out by his girlfriend. After arriving at Larry's house, the two engaged in a heated discussion regarding defendant being kicked out. Larry allegedly and aggressively approached defendant in an attempt to grab him and physically remove him from the home, which resulted in defendant hitting Larry. Larry's active participation in the altercation and attempts to physically remove defendant from his home undermines a finding he was a "vulnerable victim." Additionally, the record does not support a finding that defendant manipulated Larry's age or their domestic relationship for a selfish or unethical purpose; defendant simply asked Larry if he could come home because he had nowhere else to go. There is no evidence to suggest defendant asked to come home to assault Larry, or that defendant threatened Larry into letting him come home; Larry was free to decline, but willingly chose to allow defendant into his home. What the evidence *does* show is that in response to the heated argument and Larry's attempts to physically remove defendant, defendant struck Larry twice in the head with his fist and a metal pan without regard to the domestic relationship or Larry's age. Defendant reacted in the heat of the moment without regard to whether Larry was vulnerable. "[I]f no vulnerable victim was in fact placed in jeopardy or exploited by an offender's actions, OV 10 does not apply." *People v Russell (On Remand)*, 281 Mich App 610, 615; 760 NW2d 841 (2008). The trial court erred in finding defendant exploited a vulnerability on behalf of Larry and assessing 10 points for OV 10.

Significantly, we note that the trial court reassessed points for OVs 12 and 19, reducing defendant's overall OV score from 71 points to 56 points. Because a score of zero points for OV 10 would further decrease defendant's overall OV score from 56 to 46, this results in a decrease in his minimum sentencing guidelines range, and defendant is entitled to be resentenced. See *People v Francisco*, 474 Mich 82, 89-90; 711 NW2d 44 (2006) ("It would be in derogation of the law, and fundamentally unfair, to deny a defendant . . . the opportunity to be resentenced on the basis of accurate information.").[4]

---

[4] Because defendant is entitled to resentencing, it is unnecessary to address his argument that the trial court abused its discretion by imposing a departure sentence. At resentencing, if the trial court

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Mark J. Cavanagh
/s/ Kristina Robinson Garrett

---

again chooses to impose a departure sentence, it must comply with the principle of proportionality, which "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Walden*, 319 Mich App 344, 351-352; 901 NW2d 142 (2017) (quotation marks and citation omitted). The trial court must also "justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citations omitted). We express no opinion on whether a departure sentence would be reasonable.