*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICAH HENRY RICKERD,

        Defendant-Appellant.

UNPUBLISHED
February 29, 2024

No. 365408
Chippewa Circuit Court
LC No. 2021-005500-FH

Before: FEENEY, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his guilty-plea convictions for child sexually abusive activity, MCL 750.145c(2), and lying to a peace officer, MCL 750.479c(2)(c). The trial court sentenced defendant to 3 to 20 years' imprisonment for his child sexually abusive activity conviction and 1 to 2 years' imprisonment for his lying to a peace officer conviction. We affirm defendant's convictions and sentences, but for the reasons stated in this opinion, we remand to the trial court to correct defendant's sentencing guidelines calculation and for amendment of his judgment of sentence consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In August 2021, defendant used a mobile dating application to message someone he believed was 14 years old, engaged in sexual conversation, and arranged to meet for sexual purposes. Defendant set a time and place to meet the individual and drove to that location. When defendant arrived, law enforcement officers arrested him. Defendant then realized the individual with whom he spoke on the mobile application was a police officer and not a 14-year-old.

---

[1] *People v Rickerd*, unpublished order of the Court of Appeals entered April 27, 2023 (Docket No. 365408).

The prosecution charged defendant with accosting, enticing, or soliciting a child for an immoral purpose, MCL 750.145a, child sexually abusive activity, MCL 750.145c(2), and two counts of using a computer to commit a crime, MCL 752.796, MCL 752.797(3)(d), and MCL 752.797(3)(f). In September 2021, the prosecution extended a plea offer to defendant which included a sentencing agreement of "36 months on the minimum pursuant to *People v Killebrew*."[2] The offer provided that the prosecution would agree to dismiss all counts except for the child sexually abusive activity charge and defendant would agree to plead guilty to an added count of lying to a peace officer, MCL 750.479c(2)(c), and agree to forfeit his vehicle. Defendant accepted the plea agreement in April 2022.

At defendant's plea hearing, the prosecution outlined the plea agreement to the court and stated that "there's a binding sentence agreement of 36 months, . . . ." Defense counsel responded:

> [*Defense Counsel*]: In addition to that, [there is] *Killebrew*, where [defendant] would be capped at 36 months. So that would be his complete understanding.
>
> *The Court*: Right. That's what [the prosecution]—[the prosecution] did say that. So it's a guilty plea to count three and an added count five with a forfeiture of a vehicle and a 36-month minimum sentence. Is that correct?
>
> [*Defense Counsel*]: Well, I just want to be clear; the way I explained that to my client is the 36 months—yes, 36 months minimum, but the court would not exceed that per the agreement. He can get 36 months. That's how he understands the plea.
>
> [*The Prosecution*]: Yeah.
>
> *The Court*: Right.
>
> [*The Prosecution*]: Thirty-six months is the sentence agreement for the minimum.
>
> *The Court*: Right, that's correct.
>
> [*Defense Counsel*]: Thank you. Thank you.

Once defendant was sworn in, the trial court stated that defendant appeared before the court to plead guilty to Count 3 pertaining to sexually abusive material of a child and noted that the charged offense required registration under the Sex Offenders Registration Act.[3] The court asked defendant, "There's a binding sentencing agreement of 36 months at the time of sentencing . . . . Is that your understanding of the plea?" Defendant responded, "Yes, your honor." The court inquired whether defendant understood that by accepting the two guilty pleas he would be giving

---

[2] *People v Killebrew*, 416 Mich 189; 330 NW2d 834 (1983).

[3] Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*.

up several constitutional rights which the court listed. Defendant affirmed that he understood and that he willingly, knowingly, and voluntarily waived those rights. Defense counsel affirmed that the trial court stated the plea agreement correctly. Defendant denied that anyone promised him anything outside the plea agreement and denied that anyone threatened him to get him to plead guilty. He affirmed that he pleaded guilty to the two offenses because he believed himself guilty of those offenses. Defendant admitted the factual bases for the offenses. The prosecution and defense counsel agreed that the court complied with the requirements set forth in MCR 6.302. The trial court, therefore, advised defendant that it was satisfied and would accept his two guilty pleas and stated that defendant would return "for imposition of the 36 months . . . ."

At the sentencing hearing, the trial court asked defendant if he reviewed the Presentence Investigation Report (PSIR) prepared by the Department of Corrections and whether it comported with the plea agreement that he entered into including the sentencing agreement. Defendant affirmed that he had. The court asked the prosecution and defense counsel if they reviewed the PSIR. Both affirmed that they had. On the child sexually abusive activity conviction, the court assessed defendant 15 points for Offense Variable (OV) 10 and 5 points for OV 12. The guidelines scoring calculated the minimum sentencing guidelines range for that conviction at 30 to 50 months.

Defense counsel provided allocution on defendant's behalf and noted that the offense required a 25-year sex registry,[4] which counsel described as disproportionate and unfair. Defense counsel stated that defendant took responsibility and did not desire to withdraw his plea and understood that he was going to prison for a minimum of three years. The prosecution responded by describing aspects of defendant's conduct in seeking to have sexual relations with a 14-year-old boy. The prosecution asked the trial court to follow the agreement for defendant to serve a prison term of three years. Defendant added that he felt sincerely sorry for his actions. Defense counsel asserted that there had not been a 14-year-old boy and that the case involved no victim. The trial court said that it intended to follow the plea agreement. The court stated that "it was a voluntary and knowing plea, and I will accept the plea as outlined as directed through the sentencing agreement as well." The court sentenced defendant to 3 years to 20 years with credit for 19 days for his conviction of violating MCL 750.145c(2). The court directed defendant to comply with DNA testing and pay a crime victim assessment fee and court costs and advised him of his appellate rights.

## II. CONSTITUTIONALITY OF MCL 769.1k(1)(b)(*iii*)

Defendant first argues MCL 769.1k(1)(b)(*iii*) is unconstitutional because it incentivizes trial courts to convict defendants and impose costs against them, thus undermining a defendant's due-process rights. We disagree.

To preserve an issue challenging the constitutionality of a statute, a defendant must first raise the issue in the trial court. See *People v Sands*, 261 Mich App 158, 160; 680 NW2d 500

---

[4] In so doing, defense counsel referenced the 25-year statutory period of sex-offender registration required under SORA, MCL 28.725(12), for Tier-II offenders. Under MCL 28.722(t)(*iii*), violation of MCL 750.145c(2) is a Tier-II offense.

(2004). Here, defendant failed to challenge the constitutionality of MCL 769.1k(1)(b)(*iii*) below. We review unpreserved issues for plain error affecting a defendant's substantial rights. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "[T]he defendant bears the burden to show that (1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error prejudiced substantial rights, i.e., the error affected the outcome of the lower court proceedings." *People v Cameron*, 291 Mich App 599, 618; 806 NW2d 371 (2011).

Regarding the imposition of costs after a defendant enters a guilty plea, MCL 769.1k(1)(b)(*iii*) provides:

(b)  The court may impose any or all of the following:

* * *

(*iii*)   Until May 1, 2024, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

(A)  Salaries and benefits for relevant court personnel.

(B)  Goods and services necessary for the operation of the court.

(C)   Necessary expenses for the operation and maintenance of court buildings and facilities.

We "presume statutes to be constitutional unless their unconstitutionality is clearly apparent and, if possible, the statute is to be construed as constitutional. The burden is on the party challenging the statute's constitutionality to prove its invalidity." *People v GR*, 331 Mich App 58, 68; 951 NW2d 76 (2020) (quotation marks and citation omitted). Here, defendant argues that no judge in any case can be presumed to be impartial and that MCL 769.1k(1)(b)(*iii*) is facially unconstitutional. To prevail on a challenge to a statute's facial constitutionality, the challenging party must demonstrate that "no circumstances exist under which it would be valid." *Sands*, 261 Mich App at 161.

In *People v Johnson*, 336 Mich App 688, 692; 971 NW2d 692 (2021), this Court specifically addressed the constitutionality of MCL 769.1k(1)(b)(*iii*). This Court held that the defendant's due-process rights were not violated because, although the courts may benefit from "a portion of the revenue generated by court assessments," they do not have actual control over the administration of the revenue. *Id*. at 702. Specifically, a "trial court judge does not have unfettered discretion with respect to the amount of costs to impose under [MCL 769.1k(1)(b)(*iii*)] because the costs imposed must be reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case." *Id*. at 700 (quotation marks and citation omitted). Further, there must also be "a factual basis demonstrating that the imposed costs are reasonably related to the actual costs incurred by the trial court." *Id*. at 701 (quotation marks and citation omitted). This Court concluded that the statute "does not provide the trial court with the authority to increase costs imposed on criminal defendants as a means for generating more revenue." *Id*. (quotation marks and citation omitted). This Court rejected the defendant's

-4-

argument that MCL 769.1k(1)(b)(*iii*) undermined his due-process rights. *Id*. at 701. We are bound by *Johnson* which established that MCL 769.1k(1)(b)(*iii*) is not facially unconstitutional regarding a defendant's due-process rights. Therefore, defendant's argument fails.

Defendant also argues that MCL 769.1k(1)(b)(*iii*) is unconstitutional because it violates the constitutional separation-of-powers requirement by preventing trial courts from remaining neutral and impartial. We disagree. In *Johnson*, this Court considered and rejected this same argument. This Court concluded that, even though MCL 769.1k(1)(b)(*iii*) generates revenue, "nothing in the plain language of the statute directs the flow of money or creates a funding system for the trial courts." *Id*. at 704-705 (quotation marks and citation omitted). Defendant's constitutional claim on this ground, therefore, similarly fails.

## III. PLEA AGREEMENT

Defendant argues that he was not sentenced in accord with his plea agreement and claims entitlement to specific performance of the agreement or resentencing to a 36-month cap on his sentence. We disagree.

"In order to preserve an issue for appellate review, it must be raised before and considered by the trial court." *People v Solloway*, 316 Mich App 174, 197; 891 NW2d 255 (2016). Defendant did not raise the issue in the trial court so it is unpreserved. We review unpreserved issues for plain error affecting a defendant's substantial rights. See *Carines*, 460 Mich at 763.

"A trial court is not bound by any sentencing agreement negotiated between a defendant and the prosecution." *People v Nixten*, 183 Mich App 95, 97; 454 NW2d 160 (1990). However, "once a trial court accepts a plea which was induced by such an agreement, the terms of that agreement must be fulfilled." *Id*. If the agreement is then breached, "a reviewing court has discretion to choose between vacating the plea or ordering specific performance." *Id*.

In this case, the prosecution extended a plea offer to defendant that included a sentencing agreement of "36 months on the minimum pursuant to *People v Killebrew*." At the plea hearing, defense counsel initially indicated confusion regarding the terms of the agreement. The record reflects that the prosecution, defense counsel, and the trial court discussed the matter to clarify the terms of the sentencing agreement. At the conclusion of that discussion, the parties and the trial court were of the same understanding that, for his two guilty pleas, the trial court would impose upon defendant a minimum 36-month prison term for his conviction of violating MCL 750.145c(2). We are not persuaded that, after the trial court clarified the sentencing agreement's terms and the parties agreed to those terms, defendant did not knowingly and voluntarily agree to the 36-month minimum sentence. Therefore, defendant is not entitled to any relief.

## IV. OV 10

Defendant argues the trial court erred by incorrectly scoring OV 10 when determining defendant's sentencing guidelines for his child sexually abusive activity conviction. We agree.

A sentencing issue is preserved for appeal if it is raised at the sentencing hearing. See *People v Chelmicki*, 305 Mich App 58, 68; 850 NW2d 612 (2014); see also MCR 6.429(C) (stating

a challenge to the scoring of the sentencing guidelines can also be preserved "in a proper motion for sentencing, or in a proper motion to remand filed in the court of appeals"). In this case, defendant did not challenge the scoring of OV 10 during sentencing, in a motion for resentencing, or in a motion to remand filed with this Court. Therefore, this claim is not preserved for appeal and is reviewed for plain error affecting defendant's substantial rights. See *Carines*, 460 Mich at 763.

OV 10 concerns the exploitation of a vulnerable victim. See MCL 777.40. Fifteen points are assessed if "[p]redatory conduct was involved" in the exploitation of the victim. MCL 777.40(1)(a). However, "regardless of an offender's subjective intent, if no vulnerable victim was in fact placed in jeopardy or exploited by an offender's actions, OV 10 does not apply." *People v Russell*, 281 Mich App 610, 615; 760 NW2d 841 (2008).

In *Russell*, the defendant messaged an individual online who he believed was a 14-year-old girl named "Kelly." *Id*. at 612. However, "Kelly" was actually an adult special agent working for the Attorney General. *Id*. The defendant sent "Kelly" nude photographs of himself and engaged in "explicit sexual conversations." *Id*. The defendant then agreed to meet with "Kelly" in person to engage in sexual activity. *Id*. The defendant was arrested upon arriving at the meeting location. *Id*. On appeal, the defendant argued that OV 10 was scored incorrectly because no actual underage individual was involved in the case, and therefore, no vulnerable victim was exploited. *Id*. at 613. This Court agreed and concluded that "points should be assessed under OV 10 only when it is readily apparent that a victim was vulnerable, i.e., was susceptible to injury, physical restraint, persuasion, or temptation." *Id*. at 615 (quotation marks and citation omitted). Thus, because the defendant communicated with an adult special agent and not a real 14-year-old girl, no "vulnerable victim" was actually jeopardized. *Id*. This Court concluded that no points could be assessed for OV 10 under such circumstances. *Id*.

The facts in this case are substantially similar to those of *Russell*. Even though defendant subjectively believed he communicated with a 14-year-old boy, in actuality, defendant messaged explicit sexual content to an adult law enforcement agent. As in *Russell*, defendant's conduct did not place any real vulnerable victim in jeopardy. Therefore, the trial court incorrectly assessed defendant points for OV 10.

In *People v Smith*, 319 Mich App 1, 6-7; 900 NW2d 108 (2017), this Court recently explained:

> In *People v Cobbs*, 443 Mich 276, 285; 505 NW2d 208 (1993), the Michigan Supreme Court explained that when a defendant pleads guilty with knowledge of the sentence that will be imposed, the defendant's plea demonstrates that he or she agrees that the sentence is proportionate to the offense and the offender. In *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005), our Supreme Court expanded on this rule and indicated that a defendant may enter into a valid plea agreement for a sentence exceeding the sentencing guidelines range. The Court explained, "[A] defendant waives appellate review of a sentence that exceeds the guidelines by understandingly and voluntarily entering into a plea agreement to accept that specific sentence." *Id*. Nevertheless, the court explained that a trial court must

-6-

complete the SIR and determine the appropriate sentencing guidelines range "so that it is clear that the agreed-upon sentence constitutes a departure." *Id*. at 154 n 1.

In *People v Price*, 477 Mich 1, 3-4; 723 NW2d 201 (2006), the defendant pleaded guilty to a charge of bank robbery, MCL 750.531, pursuant to a *Cobbs* agreement that provided for a minimum sentence within the appropriate sentencing guidelines range. The trial court then sentenced the defendant to a minimum sentence of 5 years' imprisonment, which was within the sentencing guidelines range as calculated by the court. *Id*. The defendant subsequently moved for resentencing, claiming that the guidelines were incorrectly calculated and that the correct sentencing guidelines range was 5 to 21 months' imprisonment. *Id*. at 4. Our Supreme Court concluded that the trial court incorrectly scored Prior Record Variable (PRV) 1 and Offense Variable (OV) 13, and that the guidelines range should have been 5 to 21 months' imprisonment. *Id*. at 4-5. Therefore, the defendant's sentence was not within the appropriate guidelines range. *Id*. at 5. Accordingly, the Court remanded the case to the trial court for resentencing. *Id*. The Court differentiated *Price* from *Wiley* and determined that the defendant did not waive his objection to the scoring of the guidelines because "the court and defendant did not reach an agreement for a specific sentence." *Id*. at 3 n. 1. Instead, the Court explained, the "defendant generally agreed to a sentence within the guidelines range however the trial court ultimately calculated it." *Id*.

This case is akin to *Wiley* in that defendant knowingly and voluntarily agreed to a specific sentence for his conviction of violating MCL 750.145c(2). Therefore, he waived appellate review of that specific sentence by understandingly and voluntarily entering into a plea agreement to accept that specific sentence. Nevertheless, defendant is entitled to have his sentencing guidelines range properly calculated. *Smith*, 319 Mich App at 6.

For his conviction of violating MCL 750.145c(2) (a Class B offense), after properly assessing 0 points for OV 10, defendant's total OV score would be adjusted down to 5 points. Defendant's uncontested Prior Record Variable (PRV) score of 12 and a total OV score of 5 points would place defendant within the cell of the Class B sentencing grid for OV Level I. See MCL 777.63. This would reduce defendant's minimum sentence guidelines range from 30 to 50 months to 24 to 40 months. See MCL 777.63.[5] Accordingly, defendant is entitled to have the trial court perform a ministerial correction of the guidelines minimum sentence range calculation for his conviction of violating MCL 750.145c(2). We remand for that limited purpose. Defendant, however, is not entitled to resentencing.

## V. SORA REGISTRATION

Defendant argues that he is not subject to registration under SORA because the trial court did not follow statutory procedures regarding the registration requirements. We disagree. Because

---

[5] The 36-month sentence was within the corrected sentence guidelines range, so the scoring error did not affect substantial rights.

this issue is unpreserved, we review for plain error affecting a defendant's substantial rights. See *Carines*, 460 Mich at 763.

SORA establishes specific procedures that must be followed after a defendant is convicted of a listed offense. See MCL 28.724(1). MCL 28.724(5), in relevant part provides:

> an individual convicted of a listed offense in this state after October 1, 1995 . . . shall register before sentencing, . . . for that listed offense or that other felony. The probation agent . . . shall give the individual the registration form after the individual is convicted, explain the duty to register and accept the completed registration for processing under section 6. The court shall not impose sentence . . . until it determines that the individual's registration was forwarded to the department as required under section 6.

MCL 28.726, provides:

> (1) The officer, court, or agency registering an individual or receiving or accepting a registration under section 4 or receiving notice under section 5(1) shall provide the individual with a copy of the registration or notification at the time of registration or notice.

> (2) The officer, court, or agency registering an individual or receiving or accepting a registration under section 4 or notified of an address change under section 5(1) shall forward the registration or notification to the department in a manner prescribed by the department immediately after registration or notification.

MCR 6.427(9) requires that a judgment must contain the conditions incident to the sentence.

In *People v Nunez*, 342 Mich App 322, 325; 994 NW2d 824 (2022), the defendant was not given a SORA registration form after he entered his plea, the judge did not discuss the defendant's SORA registration during sentencing, and the judgment of sentence did not reference SORA. After the defendant was later released from jail, a prosecuting attorney mailed him a letter stating that he must register under SORA. *Id*. at 325-326. The defendant registered himself as instructed. *Id*. at 326. The defendant then moved to enforce the judgment of sentence, which the trial court denied. *Id*. at 327. On appeal, the defendant argued that, because the trial court failed to follow several procedural requirements regarding his SORA registration, he was entitled to be removed from the sex-offender registry. *Id*. at 327-328. The Court first noted that "SORA requirements constitute punishment," specifically resembling those punishments of "shame and parole." *Id*. at 333. This Court stated that, "[b]ecause SORA is a punitive collateral consequence of the conviction of certain crimes, a defendant must be informed of its imposition before entering a guilty plea." *Id*. at 334. Likewise, "the registration requirement must be included in the judgment of sentence." *Id*. This Court stated that "the failure of the trial court to adhere to the statutory-notice requirement and to include SORA registration in the judgment of sentence prevents any belated application of SORA to [the defendant]." *Id*. The *Nunez* Court concluded that, because the trial court failed to adhere to both of these statutory requirements, "[the defendant] had no duty to register absent the district court's compliance with these requirements." *Id*. at 335.

In this case, defendant pleaded guilty to child sexually abusive activity in violation of MCL 750.145c(2), a listed offense under MCL 28.722(t)(*iii*) that requires SORA registration. At the outset of defendant's plea hearing on June 28, 2022, the trial court noted that the then-pending charged offenses included a Tier-III offense under SORA. The parties and the trial court did not engage in discussion regarding SORA and proceeded to discuss the plea agreement's terms and defendant's knowing and voluntary waiver of rights, and his pleading guilty to the two offenses set forth in the plea agreement. The trial court accepted defendant's plea and informed defendant that he must return for sentencing several weeks later. Defendant's PSIR indicates that, in that interim period between his plea and his sentencing, defendant completed his SORA registration on August 11, 2022.

At defendant's sentencing hearing on September 27, 2022, defense counsel raised SORA registration in passing, objecting only on the ground that it seemed disproportionate and unfair. Defense counsel, however, declared that defendant did not seek to withdraw his guilty plea and awaited sentencing. The trial court imposed the agreed-upon sentences for defendant's convictions. The record indicates that the trial court entered a judgment of sentence on September 27, 2022, then entered an amended judgment of sentence on October 28, 2022, and again entered an amended judgment of sentence on November 8, 2022. None of the judgments of sentence stated that SORA registration was a condition incident to defendant's sentence.

The record in this case indicated that it is distinguishable from *Nunez*. The only similarity is that the trial court failed to state in the judgment of sentence that SORA registration was a condition incident to defendant's sentence. In all respects, the record indicates that the trial court complied with the procedures required by SORA. The record indicates that defendant, his counsel, and the trial court knew of defendant's SORA registration requirement. Moreover, the record reflects that defendant fulfilled that obligation by registering over a month before his sentencing. *Nunez* does not permit the conclusion that the failure to state in the judgment of sentence that SORA registration was a condition incident to defendant's sentence voids defendant's SORA registration or his statutory duty to comply with SORA registration requirements. Accordingly, we are not persuaded that defendant is entitled to such relief. Nevertheless, we remand to the trial court to amend defendant's judgment of sentence so that it states along with his sentences for his convictions and his forfeiture of his vehicle that SORA registration was a condition incident to defendant's sentence.

We affirm defendant's convictions and sentences, but for the reasons stated in this opinion, we remand to the trial court to correct defendant's sentencing guidelines calculation and for amendment of his judgment of sentence consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen A. Feeney
/s/ James Robert Redford
/s/ Christopher P. Yates