*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHAD JAMES LEFEVRE,

        Defendant-Appellant.

UNPUBLISHED
January 23, 2025
11:32 AM

No. 369590
Calhoun Circuit Court
LC No. 2022-000503-FC

Before: M. J. KELLY, P.J., and LETICA and WALLACE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his guilty-plea convictions for safe breaking, MCL 750.531, and breaking and entering with intent to commit a larceny, MCL 750.110. Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to concurrent terms of 9 to 30 years' imprisonment. We vacate defendant's judgment of sentence and remand for resentencing.

## I. FACTUAL BACKGROUND

In December 2021, defendant entered CitiTrends, a store located in Battle Creek, Michigan, without consent of the owners and with the intent to steal something of value. Once inside, defendant attempted to break into the store's safe and stole thousands of dollars of merchandise as well as the monies in the safe. Defendant was eventually apprehended by law enforcement for breaking into a storage container at a second store, where the stolen merchandise from CitiTrends was found. Law enforcement investigated the underlying incident, leading to defendant being charged with safe breaking and breaking and entering in January 2022.

In June 2023, defendant entered a guilty plea on the date scheduled for a jury trial. The prosecution agreed to dismiss two separate pending cases if defendant remained in compliance

---

[1] See *People v Lefevre*, unpublished order of the Court of Appeals, entered June 10, 2024 (Docket No. 369590).

with pretrial services and his bond conditions. The parties' guilty plea bargain did not include a sentencing agreement. The trial court established a factual basis for defendant's plea, determined it was knowing, voluntary, and accurate, and accepted it.

In August 2023, the trial court held a sentencing hearing and confirmed with defense counsel that he had reviewed both the presentence investigation report (PSIR) and the sentencing guidelines with defendant. The court then asked defense counsel whether "there were any additions, deletions, or corrections to either one?" Defense counsel responded: "No, your Honor." The court then confirmed that defendant had reviewed the PSIR and asked whether defendant saw "any corrections that needed to be made?" Defendant answered: "No sir." However, the prosecutor objected to the scoring of Offense Variables (OVs) 9 (the number of victims) and OV 16 (the total value of the property involved). The prosecutor later withdrew her challenge to OV 9. And, thereafter, the trial court assessed 10 points for OV 16 for the safe breaking conviction, increasing the recommended minimum sentence from 36 to 142 months' imprisonment to 43 to 172 months' imprisonment.[2] No other offense variables were discussed during sentencing.

Consistent with the probation department's recommendation that defendant be sentenced to two years' probation with numerous special conditions, defense counsel requested a downward departure from the guidelines recommendation in light of defendant's post-offense rehabilitative efforts. However, citing defendant's extensive criminal history of similar crimes, the trial court declined defendant's invitation and imposed the nine-year minimum sentence requested by the prosecutor, describing it as "very generous[.]"

Defendant filed an application for leave to appeal with this Court, asserting that trial counsel failed to object to the scoring of OV 10 and that he was entitled to resentencing. Defendant initially stated that this error was unpreserved and that the error was reviewed under the plain-error standard. Defendant further argued that his sentence was disproportionate despite being in the recommended guidelines range. Finally, defendant contended that defense counsel below "was ineffective in agreeing to the scoring of the offense variables that did not apply . . . ." For these reasons, defendant contended that he was entitled to resentencing.

The prosecutor did not answer defendant's application, which this Court granted in part. *People v Lefevre*, unpublished order of the Court of Appeals, entered June 10, 2024 (Docket No. 369590). More specifically, this Court ruled:

---

[2] Defense counsel agreed that a 5-point assessment under of OV 16 was appropriate; however, he objected that a 10-point assessment was not supported by the evidence. Because safe breaking is classified as a crime against a person, MCL 777.16y, the sentencing court should not have assessed 10 points for OV 16. See MCL 777.22(1) ("For all crimes against a person, score offense variables 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 19, and 20 . . . . Score offense variable 16 under this subsection for a violation or attempted violation of section 110a of the Michigan penal code, 1931 PA 328, MCL 750.110a."); *Kimble*, 470 Mich at 308, 312 (the prosecution conceded that OV 16 should not have been scored because "it is to be scored in crimes against the person if the offense is home invasion, MCL 777.22(1).").

The application for leave to appeal is GRANTED, limited to the issues of whether offense variable 10 of the sentencing guidelines, MCL 777.40, was properly scored and, if not, whether this Court should provide relief as to the alleged unpreserved error. In all other respects, the application for leave to appeal is DENIED for lack of merit in the grounds presented. [*Id*.]

## II. OV 10

On appeal, defendant argues that the trial court erred in assessing 15 points for OV 10 because he did not engage in predatory conduct during the commission of these crimes. The prosecution responds that defendant waived any error when he failed to object to the scoring of OV 10 when the sentencing court inquired.

We recognize that the panel granting leave in this matter described the error as "alleged[ly] unpreserved error." *Id*. However, we agree with the prosecution that defense counsel waived any error in scoring OV 10 by responding negatively to the court's inquiry regarding whether he had any "additions, deletions, or corrections" to the sentencing guidelines. *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011); *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Nonetheless, we opt to address defendant's contention in his application for leave to appeal that defense counsel was ineffective for failing to object. See MCR 7.216(A)(7) ("The Court of Appeals may, at any time, in addition to its general powers, in its discretion, and on the terms it deems just . . . grant further or different relief as the case may require[.]" See also *People v Jackson*, 487 Mich 783, 800 n 35; 790 NW2d 340 (2010) (noting the Court of Appeals may grant further or different relief as the case may require under MCR 7.216(A)(7).

To establish ineffective assistance of counsel, defendant must show that defense counsel's "performance fell below an objective standard of reasonableness and this performance prejudiced him." *People v Kimble*, 470 Mich 305, 314; 684 NW2d 669 (2004). Moreover, "[i]n reviewing a trial court's calculation of a defendant's sentencing guidelines score, this Court reviews factual determinations for clear error, and factual determinations must be supported by a preponderance of the evidence." *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607 (2018). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

"The sentencing offense determines which offense variables are to be scored in the first place[.]" *People v McGraw*, 484 Mich 120, 124; 771 NW2d 655 (2009). "Offense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *Id*. at 133.

OV 10 addresses the exploitation of a vulnerable victim and requires the sentencing court to assess 15 points when a defendant engaged in predatory conduct. MCL 777.40(1)(a). Predatory conduct is defined as "preoffense conduct directed at a victim, or a law enforcement officer posing as a potential victim, for the primary purpose of victimization." MCL 777.40(3)(a). When a defendant does not engage in predatory conduct, the sentencing court must assess 10 points for OV 10 when "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, a domestic relationship, or the offender abused his or her authority status[.]"

MCL 777.40(1)(b).  But, if the offender "exploited a victim by his or her difference in size or strength, or both, or exploited a victim who was intoxicated, under the influence of drugs, asleep, or unconscious," the trial court must assess 5 points under OV 10.  MCL 777.40(1)(c).  Finally, when a defendant "did not exploit a victim's vulnerability," the trial court must assess "0 points" under OV 10.  MCL 777.40(1)(d).

"In determining whether to assess 15 points for 'predatory conduct,' the sentencing judge must first determine whether there was 'preoffense' conduct.  The use of prefix 'pre' in the term 'preoffense' indicates that, to be predatory, the conduct must have occurred before the commission of the offense." *People v Cannon*, 481 Mich 152, 160; 749 NW2d 257 (2008).  "[T]he subsection directing the assessment of points for 'predatory conduct,' however, does not explicitly require the sentencing judge to determine if the offender exploited a victim.  Rather, the sentencing judge must determine if there was 'preoffense conduct directed at a victim for the primary purpose of victimization.' " *Id*. at 159.  Our Supreme Court "set forth the following analytical questions" to aid a sentencing court in determining whether a defendant engaged in predatory conduct for the purpose of scoring OV 10:

> (1) Did the offender engage in conduct before the commission of the offense?
>
> (2) Was this conduct directed at one or more specific victims who suffered from a readily apparent susceptibility to injury, physical restraint, persuasion, or temptation?
>
> (3) Was victimization the offender's primary purpose for engaging in the predatory conduct?  [*Id*. at 161-162.]

Our Supreme Court further developed the meaning of "predatory conduct" in *People v Huston*, 489 Mich 451, 462; 802 NW2d 261 (2011) (quotation marks and citation omitted), explaining that the type of "preoffense conduct" considered "predatory conduct" are acts such as "lying in wait and stalking" a victim, not "purely opportunistic criminal conduct or preoffense conduct involving nothing more than run-of-the-mill planning to effect a crime or subsequent escape without detection."  The *Huston* Court added that for conduct to be considered predatory for the purposes of OV 10, it must be "directed at a person for the primary purpose of causing that person to suffer from an injurious action[.]"  *Id*. at 463 (quotation marks and citation omitted).  The defendant in *Huston* "laid in wait while armed and hidden from view for the primary purpose of eventually causing a person to suffer from an injurious action, i.e., an armed robbery."  *Id*. at 463-464.  Our Supreme Court concluded the defendant in *Huston* "engaged in predatory conduct to exploit a vulnerable victim[.]"  *Id*. at 468 (quotation marks and citation omitted).

The PSIR in this case states that "**OV 10** was scored at 15 points for [defendant's] actions regarding the illegal entry of CitiTrends."  The record reflects that between the time the store closed on Christmas Eve and December 26, defendant entered through an opening in the roof by removing a piece of plywood and crawling inside.  The store manager was notified of the possible break-in the day after Christmas.  And there were no facts admitted during the plea hearing to show that any victims were present when defendant entered CitiTrends.  Nor did the record show that defendant was "lying in wait" with the purpose of committing an injurious act on a victim.  Again, it was a holiday, the store was empty, and there is no evidence to support defendant did

-4-

anything more than take advantage of an opportunity to break in. Because the record does not demonstrate that defendant engaged in the type of predatory conduct contemplated under OV 10, defense counsel performed deficiently when he failed to object to the 15-point assessment.

Moreover, defendant was prejudiced by his counsel's deficient performance. When the sentencing guidelines range changes due to an error in scoring the OVs, a defendant is entitled to resentencing. See *People v Francisco*, 474 Mich 82, 89 and n 8; 711 NW2d 44 (2006). In this case, after the sentencing court assessed 10 points for OV 16, defendant's OV score for the safe breaking conviction increased to 35 points. This placed defendant at OV Level IV for the class C sentencing grid, with a sentencing guidelines range of 43 to 172 months. MCL 777.16y, MCL 777.21(3)(c), and MCL 777.64. Defendant's OV score for the breaking and entering conviction was 35 points, or OV Level IV for the class D sentencing grid. MCL 777.16f, MCL 777.21(3)(c), and MCL 777.65. Because OV 10 was incorrectly assessed at 15 points, rather than 0 points, defendant's total OV score would decrease from 35 points to 20 points for the safe breaking offense and it would decrease from 35 points to 20 points for the breaking and entering offense. These changes in the total assessment of points for OV 10 would decrease the OV level from IV to II as to the safe breaking offense and from OV level IV to II as to the breaking and entering offense, MCL 777.64 and MCL 777.65. In turn, defendant's correct minimum sentencing guidelines ranges would be 29 to 114 months' for safe breaking and 10 to 46 months' for the breaking and entering conviction. Accordingly, defendant is entitled to resentencing.[3] *Francisco*, 474 Mich at 89 and n 8.

We vacate the trial court's judgment of sentence and remand to the trial court for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Anica Letica
/s/ Randy J. Wallace

---

[3] On appeal, the prosecution contends that resentencing is not required given the limitation in this Court's initial order, defense counsel's waiver, and the proportionality of defendant's sentence. For the reasons we have already discussed, we reject this argument.